USDC SCAN INDEX SHEET

















JPP   10/8/04   11:24

3:02-CV-00473   NATIONAL METAL V. ALLIANT TECHSYSTEMS

*137*

*MEMFACTS.*

1 │ Jeffrey A. LeVee (State Bar No. 125863)
   │ Amy A. Stathos (State Bar No. 169287)
2 │ Jason C. Murray (State Bar No. 169806)
   │ Eric P. Enson (State Bar No. 204447)
3 │ JONES DAY
   │ 555 West Fifth Street, Suite 4600
4 │ Los Angeles, CA 90013-1025
   │ Telephone: (213) 489-3939
5 │ Facsimile: (213) 243-2539

6 │ Attorneys for Defendants
   │ ALLIANT TECHSYSTEMS, INC., ALLIANT
7 │ AMMUNITION POWDER COMPANY, LLC, ALLIANT
   │ AMMUNITION SYSTEMS, LLC, ALLIANT LAKE CITY
8 │ SMALL CALIBER AMMUNITION COMPANY, LLC,
   │ AND ALLIANT DEFENSE, LLC

9

10

11 │                  **UNITED STATES DISTRICT COURT**          **BY FAX**

12 │                  **SOUTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| NATIONAL METAL TECHNOLOGIES, INC., and NATIONAL MANUFACTURING TECHNOLOGIES, INC., | Case No. 02 CV 00473 JAH (BLM) |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| v. | [Civil Local Rule 16.1(f)(2)-(3); Fed. R. Civ. Proc. 26] |
| ALLIANT TECHSYSTEMS, INC., ALLIANT AMMUNITION POWDER COMPANY, LLC, ALLIANT AMMUNITION SYSTEMS, LLC, ALLIANT LAKE CITY SMALL CALIBER AMMUNITION COMPANY, LLC, and ALLIANT DEFENSE, LLC, | |
| Defendants. | |

28

LAI-2155922v2

*137*

# TABLE OF CONTENTS

                                                     **Page**

I.   CONTENTIONS OF MATERIAL FACT ........................................................................ 1

    A.     Relevant Product and Geographic Markets ................................................... 1

    B.     ATK Issues Purchase Orders To NMT ......................................................... 2

    C.     NMT's Links Fail To Pass FAAT Or Meet The Mil Specs ........................... 3

    D.     NMT Is Raided By Military Authorities And Closes Its Doors ..................... 4

    E.     NMT's Parent Attempts To Sell NMT ........................................................ 5

    F.     Valentec Moves To LCAAP And Also Fails To Meet The Mil Specs ................... 5

    G.     The Links Business Is Thrust Upon ATK .................................................... 6

    H.     ATK's Entry Into The Links Business Caused No Competitive Harm .................. 7

II.   CONTENTIONS OF LAW ............................................................................................ 8

    A.     NMT Does Not Have Antitrust Standing ...................................................... 8

        1.     NMT Has Not Suffered An "Antitrust Injury." ................................ 8

        2.     ATK's Conduct Was Not The Proximate Cause Of NMT's Alleged Injuries ..................................................................................... 10

    B.     NMT's Sherman Act Section 2 Claim Will Fail ........................................... 10

        1.     ATK Does Not Possess Monopoly Power In Any Relevant Market ........ 11

        2.     ATK Did Not Willfully Acquire Or Maintain A Monopoly ..................... 11

    C.     NMT's Clayton Act Section 7 Claim Will Fail ............................................. 12

    D.     NMT'S Antitrust Claims Make No Economic Sense And Will Fail ..................... 13

    E.     NMT's Breach Of Contract Claim Will Fail ................................................. 14

    F.     NMT's Intentional Interference With Prospective Economic Advantage Claim Will Fail ......................................................................................... 15

        1.     ATK Took No Intentional Actions Designed To Disrupt The Merger ....................................................................................... 16

        2.     ATK Took No Independently Wrongful Actions ................................ 16

        3.     It Was Not Reasonably Probable That The NMTI-Comtel Merger Would Close Absent Any Interference And There Was No Actual Disruption Of The Relationship .................................................... 17

        4.     ATK's Actions Are Insulated By The Competition Privilege ................ 17

III.   ABANDONED ISSUES .............................................................................................. 18

IV.   EXHIBITS ATK EXPECTS TO PRESENT AT TRIAL .............................................. 18

V.   WITNESSES ATK EXPECTS TO CALL AT TRIAL ................................................... 73

# TABLE OF AUTHORITIES

Page

## CASES

*Adaptive Power Solutions, LLC v. Hughes Missile Sys. Co.,*
141 F.3d 947 (9th Cir. 1998)...................................................................... 13

*Alaska Airlines, Inc. v. United Airlines, Inc.,*
948 F.2d 536 (9th Cir. 1991)...................................................................... 12

*Alberta Gas Chemicals, Ltd. v. E.I. du Pont de Nemours & Co.,*
826 F.2d 1235 (3d Cir. 1987)...................................................................... 12

*American Ad Mgmt., Inc. v. General Tel. Co.,*
190 F.3d 1051 (9th Cir. 1999)....................................................................... 8

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.,*
47 Cal. App. 4th 464 (1996)...................................................................... 17

*Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters,*
459 U.S. 519 (1983)........................................................................... 8, 10

*Association of Wash. Pub. Hosp. Dist. v. Phillip Morris, Inc.,*
241 F.3d 696 (9th Cir. 2001)...................................................................... 10

*Atlantic Richfield Co. v. USA Petroleum Co.,*
495 U.S. 328 (1990)............................................................................. 8, 9

*Balaklaw v. Lovell,*
14 F.3d 793 (2d Cir. 1994)......................................................................... 9

*Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods.,*
212 F.3d 373 (7th Cir. 2000)...................................................................... 14

*Brown Shoe Co. v. United States,*
370 U.S. 294 (1962).................................................................................. 9

*C. Pappas Co., Inc. v. E.& J. Gallo Winery,*
610 F. Supp. 662 (E.D. Cal. 1985).............................................................. 17

*Citizen Publ'g Co. v. United States,*
394 U.S. 131 (1969)................................................................................. 13

*City of Pittsburgh v. West Penn Power Co.,*
147 F.3d 256 (3d Cir. 1998)...................................................................... 13

*Coastal Transfer Co., v. Toyota Motor Sales, U.S.A.,*
833 F.2d 208 (9th Cir. 1987)...................................................................... 14

*Daniel v. American Bd. of Emergency Med.,*
269 F. Supp. 2d 159 (W.D.N.Y. 2003) ........................................................ 9

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
11 Cal. 4th 376 (1995) ............................................................................. 16

*Discon, Inc. v. NYNEX Corp.,*
93 F.3d 1055 (2d Cir. 1996)...................................................................... 10

*Eagle v. Star-Kist Foods, Inc.,*
812 F.2d 538 (9th Cir. 1987)...................................................................... 10

*FTC v. Procter & Gamble Co.,*
386 U.S. 568 (1967)................................................................................. 12

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3   *FTC v. Warner Communications, Inc.,*
      742 F.2d 1156 (9th. Cir. 1984)..................................................................................... 12

4   *Glen Holly Entm't, Inc. v. Tektronix, Inc.,*
      343 F.3d 1000 (9th Cir. 2003)...................................................................................... 8

5

6   *Holmes v. Securities Investor Prot. Corp.,*
      503 U.S. 258 (1992).................................................................................................... 10

7   *IBM v. Fasco Indus.,*
      No. C-93-20326 RPA, 1995 U.S. Dist. LEXIS 22141 (N.D. Cal. 1995)..................... 14

8   *Jack Walters & Sons Corp. v. Morton Bldg., Inc.,*
      737 F.2d 698 (7th Cir. 1984)....................................................................................... 12

9

10  *Korea Supply Co. v. Lockheed Martin Corp.,*
      29 Cal. 4th 1134 (2003) .............................................................................................. 16

11  *Lange v. TIG Insurance Co.,*
      68 Cal. App. 4th 1179 (1998) ...................................................................................... 17

12  *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.,*
      271 F.3d 825 (9th Cir. 2001)........................................................................................ 16

13  *McDaniel v. Appraisal Inst.,*
      117 F.3d 421 (9th Cir. 1997), *cert. denied* 523 U.S. 1022 (1998)............................. 9

14  *Mercantile Texas Corp. v. Board of Governors of Fed. Reserve Sys.,*
      638 F.2d 1255 (5th Cir. 1981)...................................................................................... 13

15

16  *Mercy-Peninsula Ambulance, Inc. v. County of San Mateo,*
      791 F.2d 755 (9th Cir. 1986)........................................................................................ 10

17  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
      269 F. Supp. 2d 1213 (C.D. Cal. 2003) ....................................................................... 9

18  *Mozaffarian v. Breitling U.S.A., No. C-94-1133 SI,*
      1998 U.S. Dist. LEXIS 19124 (N.D. Cal. 1998)........................................................... 14

19

20  *Oahu Gas Serv., Inc. v. Pacific Resources, Inc.,*
      838 F.2d 360 (9th Cir. 1988)........................................................................................ 13

21  *Pool Water Products v. Olin Corp.,*
      258 F.3d 1024 (9th Cir. 2001)...................................................................................... 9

22  *Rebel Oil Co. v. Atlantic Richfield Co.,*
      51 F.3d 1421 (9th Cir. 1995)........................................................................................ 8

23  *Souza v. Estate of Bishop,*
      821 F.2d 1332 (9th. Cir. 1987).................................................................................... 12

24  *Toscano v. PGA Tour, Inc.,*
      201 F. Supp. 2d 1106 (E.D. Cal. 2002)........................................................................ 10

25

26  *Tri-Growth Centre City LTD. v. Silldorf, Burdman, Duignan & Eisenberg,*
      216 Cal. App. 3d 1139 (1989)...................................................................................... 17

27  *United States v. Aluminum Co. of Am.,*
      148 F.2d 416 (2d. Cir. 1945)........................................................................................ 12

28

iii

1

## TABLE OF AUTHORITIES
### (continued)

2

· Page

3

*United States v. Columbia Steel Co.,*
   334 U.S. 495 (1948) ............................................................................................................ 12

4

*United States v. E.I. du Pont de Nemours & Co.,*
   351 U.S. 377 (1956) ............................................................................................................ 11

5

*United States v. General Dynamics Corp.,*
   415 U.S. 486 (1974) ............................................................................................................ 13

6

*United States v. Grinnell Corp.,*
   384 U.S. 563 (1966) ............................................................................................................ 11

7

8

*United States v. Microsoft Corp.,*
   253 F.3d 34 (D.C. Cir. 2001) ............................................................................................. 11

9

*Verizon Communications Inc. v. Law Offices of Curtis V. Trinko,*
   540 U.S. 398 (2004) ............................................................................................................ 11

10

*Wilson v. Loew's, Inc.,*
   142 Cal. App. 2d 183 (1956) .............................................................................................. 17

11

*Youst v. Longo,*
   43 Cal. 3d 64 (1987) ........................................................................................................... 17

12

13

### STATUTES

14

Cal. Com. Code § 2313 ............................................................................................................ 15

15

Cal. Com. Code § 2315 ............................................................................................................ 15

Cal. Com. Code § 2610 ............................................................................................................ 15

16

Cal. Com. Code § 2711 ............................................................................................................ 15

17

### OTHER AUTHORITIES

18

2A Phillip E. Areeda et al., Antitrust Law (1995) ................................................................... 11

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Local Rule 16.1(f) and, defendants hereby submit their memorandum of

2    contentions of fact and law.  This memorandum addresses the principal factual and legal

3    contentions that defendants presently expect to be at issue during trial.  Defendants reserve their

4    right, if and as necessary, to supplement this memorandum.  In addition, defendants hereby

5    incorporate by reference their memoranda in support of their two summary judgment motions

6    filed on October 6, 2003 and March 26, 2004.  Those motions also address many of the factual

7    and legal contentions that will be at issue in trial.  Further, in accordance with Local Rule 16.1(f)

8    and Rule 26 of the Federal Rules of Civil Procedure, this memorandum lists the witnesses and

9    exhibits defendants will call/offer and may call/offer.

10   **I.    CONTENTIONS OF MATERIAL FACT**

11       **A.    Relevant Product and Geographic Markets.**

12       According to plaintiffs' first amended complaint, this case involves two alleged relevant

13   product markets:  1) the market for small and medium caliber linked ammunition; and 2) the

14   market for small and medium caliber ammunition links.  Defendants believe the markets for small

15   and medium caliber linked ammunition are distinct and must be analyzed separately.[1]  Without

16   links, it is impossible to manufacture linked ammunition.

17       Plaintiffs allege that the relevant geographic market is the United States of America.  In

18   fact, both linked ammunition and ammunition links are sold into the United States by foreign

19   manufacturers and governments, and ammunition links are sold by U.S. manufacturers to non-

20   U.S. purchasers.

21       During most of the period relevant to this lawsuit, there were only two manufacturers of

22   ammunition links in the United States—Valentec LLC ("Valentec") and plaintiff National Metal

23   Technologies, Inc. ("NMT"), which entered the links business for the first time in December 1998

24   when it acquired the assets of Greene International West.  There are now at least three domestic

25   manufacturers of links, ATK, International Ordnance Technologies, and AK Stamping.  The

26

27

---

28   [1] Also, plaintiffs would have no standing to assert claims with respect to the market for
     linked ammunition because plaintiffs were never buyers or sellers of linked ammunition.

1    United States military is the only U.S. customer of any significance for small and medium caliber

2    linked ammunition, accounting for in excess of 99% of all domestic sales.

3    **B.   ATK Issues Purchase Orders To NMT.**

4    In 1999, after reviewing open, competitive bids, the United States military awarded ATK

5    a ten-year, fixed-price contract to manufacture all of its requirements for small caliber linked

6    ammunition. The links necessary to produce small caliber linked ammunition are the M9 link, the

7    M13 link and the M27 link. As an adjunct to this contract, the military awarded ATK a facilities

8    use contract to operate the military's only small caliber ammunition plant—Lake City Army

9    Ammunition Plant ("LCAAP"), located in Independence, Missouri.

10   Shortly before the small caliber award, ATK received an award for 45% of the five-year,

11   fixed-price contract to supply the military's needs for medium caliber linked ammunition. The

12   link necessary to produce medium caliber linked ammunition is the M28 link. ATK's competitor,

13   General Dynamics Ordnance and Tactical Systems ("GDOTS"), was awarded the other 55% of

14   the medium caliber contract with the United States military.

15   ATK did not manufacture links, and links constituted only a small percentage of the

16   finished product. Thus, ATK set out to locate a subcontractor that could provide ATK with the

17   small and medium caliber links needed to create the ammunition belts ATK would sell to the

18   military.

19   In late 1999, ATK placed small and medium caliber link purchase orders with NMT.

20   Under the small caliber link purchase order, NMT was to provide ATK with approximately 460

21   million small caliber links between the years 1999 and 2001. Under the medium caliber link

22   purchase order, NMT was to provide 1.9 million medium caliber links between the years 2000

23   and 2001. Neither purchase order required that ATK exclusively purchase ammunition links

24   from NMT; indeed, the small caliber purchase order called out a specific number of links that

25   NMT was to manufacture for ATK. Both purchase orders could be terminated by ATK for

26   "default" by NMT or for ATK's "convenience."

27   Unlike ordinary commercial contracts, government contracts for war supplies contain

28   detailed technical specifications and quality standards that must be met and certified by every

LAI-2155922v2

2

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1   component supplier (like NMT) and certified to the Army by the prime contractor (like ATK).

2   The "mil specs" specifically called out in the purchase orders ATK issued to NMT required, for

3   example, that the links NMT manufactured reached a certain level of hardness, met the

4   dimensional drawings and were free from abrasions, burrs or defects caused by the manufacturing

5   process. According to the mil specs, NMT was also required to pass First Article Acceptance

6   Testing ("FAAT"), a heightened series of quality tests with specified allowable failure rates,

7   before going into production on the M13 and M27 link because NMT (and its predecessor) had

8   never before manufactured these small caliber links. Because all of these mil specs were

9   specifically incorporated into the NMT purchase orders and could be waived or modified only

10  with express government approval, NMT was required to manufacture links that conformed with

11  the mil specs and had passed FAAT. Both purchase orders also contained warranties whereby

12  NMT warranted that the links it tendered would be fit for ATK's purpose in ordering the links—to

13  link small and medium caliber ammunition for sale to the United States military.

14      **C.    NMT's Links Fail To Pass FAAT Or Meet The Mil Specs.**

15      From the outset, NMT failed to meet the agreed delivery schedule. Indeed, NMT

16  struggled for many months to pass FAAT on two of the three small caliber links that it had agreed

17  to manufacture for ATK. As a result, NMT fell well behind on the delivery schedule, thereby

18  breaching the contracts. Specifically, NMT had not passed FAAT on the M13 and M27 links by

19  the time NMT was supposed to tender its first delivery of small caliber links to ATK, March 15,

20  2000. This delay in turn caused ATK to fall behind on its deliveries of small caliber linked

21  ammunition to the military. Accordingly, at the suggestion of military staff, ATK placed back up

22  orders for small caliber links with Valentec, NMT's competitor and the company that had

23  supplied small caliber links to the previous operator of LCAAP. ATK intended to use Valentec

24  as a bridge supplier until NMT could get its operations up to speed. But because of its dire need

25  for small caliber links, ATK still intended to purchase from NMT all of the quality small caliber

26  links NMT could manufacture under the purchase order.[2]

27

28      [2] Throughout 2000, NMT was engaged in serious negotiations to acquire Valentec's links
        business, which would have resulted in NMT being the only manufacturer of links in the United

LAI-2155922v2

1     Throughout the rest of 2000, NMT failed to meet the small caliber delivery schedule and

2    failed to manufacture links that conformed to the mil specs.[3] On the M9 link, NMT delivered to

3    ATK 36 lots of links. Half of these were rejected by ATK. On the M13 link, NMT never passed

4    FAAT and therefore never went into full-scale production. On the M27 link, after passing FAAT

5    five months later than planned, NMT tendered to ATK four lots of links. ATK had to reject three

6    of these four lots because they did not conform to the mil specs.

7     ATK's rejections of NMT's links were based on a number of varying quality reasons. For

8    instance, some of NMT's links were rejected for failing to meet the mil spec on the hardness of

9    the link, some of NMT's links were rejected because they were cracked or rusty, and some of

10   NMT's links were rejected for failing to meet the tight dimensions called out in the technical

11   drawings. On each of the lots of small caliber links that ATK rejected, NMT had certified to

12   ATK that the links had met the mil specs and/or passed FAAT.

13    As a result of NMT's multiple breaches of the purchase orders and its failure to deliver

14   sufficient numbers of quality links, ATK incurred substantial monetary damages which it asserts

15   here by way of offset.

16    **D.    NMT Is Raided By Military Authorities And Closes Its Doors.**

17    On November 17, 2000, government investigators with the military's various criminal

18   investigative services raided NMT's facility in California to investigate charges that NMT had

19   been falsifying test data on its links. ATK had no involvement in instigating the raid nor any

20   prior knowledge that it would take place. The raid followed an investigation prompted by two

21   NMT employee "whistle blowers," both of whom were NMT quality inspectors who contacted

22

23   (continued...)

24   States. The parties ultimately were unable to reach an agreement on price, although NMT
thought that an agreement had been reached.

25    [3] In an effort to assist NMT, ATK agreed to guarantee shipments of steel from NMT's

26   steel supplier to NMT, even though such guarantees ordinarily are not provided and would not
have been necessary in this instance if NMT had been properly capitalized. ATK ultimately

27   stopped agreeing to guarantee steel purchases following NMT's continued failure to manufacture
conforming links and the request by the steel supplier to substantially broaden the scope of the

28   guarantee.

                     4                DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1    the Pentagon's hot-line to report their concerns that NMT was falsely reporting the testing of its

2    links and knowingly shipping substandard links to ATK and GDOTS.

3         As a result of the raid, a substantial number of medium caliber links (M28 links) that had

4    been shipped by NMT to ATK were impounded by the military and could not be used for the

5    manufacture of linked ammunition until they were independently tested by the military. The

6    military's testing confirmed what the investigators had suspected: NMT's links failed to meet the

7    hardness requirement in the mil specs, contrary to the certifications that NMT had provided to

8    ATK and the Army. Subsequently, after the military issued a "waiver" to allow ATK to use

9    NMT's "soft" links (except for on contracts for the Marines), ATK paid NMT for each link that it

10   eventually passed on to the military, less the cost of re-testing the suspect links.

11        NMT never recovered from the disruption of the raid, in part because many of NMT's

12   records and some computer equipment had been confiscated by the military. By January or

13   February 2001, NMT had stopped manufacturing links and had laid off nearly all its employees.

14   NMT's CEO and its principal shareholder, respectively, Patrick Moore and Bill Grivas, two

15   convicted felons still on probation, informed ATK that NMT would not be delivering any further

16   links. As a result, ATK cancelled the NMT purchase orders.

17        **E.    NMT's Parent Attempts To Sell NMT.**

18        In February 2001, NMT's parent company, National Manufacturing Technologies, Inc.

19   ("NMTI"), and Comtel Holdings, Inc. ("Comtel") entered into a non-binding letter of intent under

20   which the two companies would merge. An explicit condition of the merger was that NMTI sell,

21   or otherwise dispose of the links business because Comtel was not interested in that business.

22   NMTI informed Comtel that the links business was going to be sold to ATK or GDOTS, although

23   NMT was never close to an agreement with either company. In all events, few at ATK were

24   aware of—and none at ATK cared about—the NMTI-Comtel merger because it was exclusive of

25   the links business.

26        Shortly after due diligence began, the NMTI-Comtel merger died. Comtel backed out of

27   the proposed merger because NMTI was close to defaulting on a collateral agreement with its

28

LAI-2155922v2

5

1   major lender and because NMTI was unable to sell NMT. After NMTI entered bankruptcy in

2   September 2001, Comtel did purchase certain of NMTI's assets.

3       **F.    Valentec Moves To LCAAP And Also Fails To Meet The Mil Specs.**

4           In this same timeframe, Valentec (now the only manufacturer of ammunition links in the

5   United States) notified the military and ATK that Valentec had to vacate its leased premises in

6   Costa Mesa, California because of high rent and electricity costs. Valentec and ATK concluded

7   that it made sense to move Valentec to LCAAP, where the Army and ATK could provide

8   Valentec with engineering and other support, as well as much lower rent. The Army agreed with

9   and supported the move, providing critical funding to assist Valentec. ATK also invested large

10  amounts of funds into the Valentec operation. But not long after it moved to LCAAP, Valentec

11  began to experience significant problems in manufacturing links to the mil specs, primarily

12  because it lost its skilled work force: not a single one of Valentec's California employees moved

13  permanently to LCAAP.

14      **G.    The Links Business Is Thrust Upon ATK.**

15          On July 23, 2001, the CEO of Valentec's parent company, Safety Components

16  International, which had recently emerged from bankruptcy with a mandate to get rid of the links

17  business, informed senior members of the Army's procurement staff, ATK, GDOTS and

18  American Ordnance, another ammunition manufacturer, that Valentec was in dire financial

19  straits, was going to default on its links supply contracts, and would close its doors within a

20  matter of days unless someone paid Valentec a substantial sum of money to cover its operating

21  costs and needs for capital improvements. Although ATK was not interested in entering into the

22  links business, ATK came up with a plan to acquire Valentec's links assets because no one else

23  present at the July 23, 2001 meeting was willing to do so (and *somebody* had to manufacture the

24  links or ATK would wind up defaulting on its prime contract with the Army). The Army and

25  GDOTS agreed with and supported ATK's decision to take over Valentec's links business, a

26  decision that became even more urgent after the events of September 11, 2001, when it became

27  apparent that the military was going to need more linked ammunition.

28

LAI-2155922v2

6

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1     Due to the failure of its suppliers and historical circumstance, ATK became (at that time)

2    the sole manufacturer of ammunition links in the United States. Rather than having NMT supply

3    links at the price the parties negotiated, ATK was forced to absorb the entire cost of acquiring

4    Valentec and additional capital expenditures (beyond those provided by the Army) needed to

5    rehab Valentec's equipment and expand links production to meet the massive increased volumes

6    that had come with the war on terrorism. All of this has come directly out of ATK's bottom line

7    because ATK had fixed-price contracts with the military.

8        **H.    ATK's Entry Into The Links Business Caused No Competitive Harm.**

9     ATK's entry into the links market has caused no harm to the military because the military

10   pays ATK pursuant to fixed-price contracts, which means that ATK is unable to pass its increased

11   costs for links onto the military. ATK's role as a links manufacturer has not caused injury to

12   GDOTS because ATK's price of links to GDOTS is regulated by the Army in its role as "fair and

13   honest broker," and GDOTS has experienced no reduction in the output of links from ATK.

14   Further, ATK cannot exclude GDOTS or any other ammunition manufacturer from making its

15   own links,[4] nor can it exclude any other company from entering the links business because the

16   Army sets all the terms of competition. Finally, there has been no reduction in the quality or in

17   the output of links, both of which have increased under ATK's stewardship.

18     Equally important is the fact that, since NMT filed this lawsuit, several new companies

19   have entered the links business, which demonstrates that ATK had no ability to "exclude" new

20   competition. First, the military has awarded millions of rounds worth of contracts for small

21   caliber linked ammunition to ATK's competitors. Many of the small caliber links for those

22   contracts are coming from sources other than ATK, including from links suppliers outside the

23   United States. This means that ATK is no longer the only supplier of small caliber linked

24   ammunition or small caliber links. Second, ATK expects that the military will soon award huge

25   new contracts for small caliber linked ammunition to ATK's competitors, with all of those links

26

---

27      [4] NMT entered the links business after paying approximately $1 million to a prior
manufacturer of links. Obviously, GDOTS, a subsidiary of General Dynamics, could afford to

28   enter into the links business, particularly if it believed it could manufacture links at a better price
than what it was paying ATK.

1   coming from sources other than ATK. Third, ATK is no longer the only supplier of medium

2   caliber links in the United States. These developments prove conclusively that ATK did not

3   "unlawfully monopolize" the market for ammunition links.

4   **II.     CONTENTIONS OF LAW**

5        **A.     NMT Does Not Have Antitrust Standing.**

6        Before NMT can recover on its Sherman or Clayton Act claims, NMT must prove that it

7   has "antitrust standing," under which courts "'evaluate the plaintiff's harm, the alleged

8   wrongdoing by the defendants, and the relationship between them,' to determine whether a

9   plaintiff is a proper party to bring an antitrust claim." *American Ad Mgmt., Inc. v. General Tel.*

10   *Co.*, 190 F.3d 1051, 1054 (9th Cir. 1999). The Supreme Court has identified certain factors that

11   inform this analysis, including: (1) whether the plaintiff has suffered "antitrust injury"; (2) the

12   risk of duplicative recovery; (3) the directness of the injury; (4) the speculative measure of

13   damages; and (5) whether damages would be complex to apportion. *Id.* at 1054-55, *citing*

14   *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S.

15   519, 538-45 (1983). At trial, NMT will fall short of proving these elements rendering NMT's

16   antitrust claims completely deficient.

17        **1.     NMT Has Not Suffered An "Antitrust Injury."**

18        The most important element of antitrust standing relates to whether the plaintiff has

19   suffered an "antitrust injury," that is, an "injury of the type the antitrust laws were intended to

20   prevent and that flows from that which makes defendants' acts unlawful." *Atlantic Richfield Co.*

21   *v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990) (internal quotation marks omitted); *Rebel Oil*

22   *Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995). Traditionally, "[a]ntitrust injury

23   is made up of four elements: '(1) unlawful conduct, (2) causing injury to the plaintiff, (3) that

24   flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws

25   were intended to prevent.'" *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1008 (9th

26   Cir. 2003), quoting *American Ad Mgmt.*, 190 F.3d at 1055. The Ninth Circuit has imposed a fifth

27   requirement: "the injured party be a participant in the same market as the alleged malefactors."

28   *Glen Holly*, 343 F.3d 1008. "Parties whose injuries, though flowing from that which makes the

1    defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury."

2    *American Ad Mgmt.*, 190 F.3d at 1057.

3         At trial, NMT will be unable to prove that it has suffered an antitrust injury in relation to

4    either the ammunition link or linked ammunition markets.  First, and foremost, NMT cannot

5    prove that ATK engaged in any unlawful conduct.  Second, NMT cannot prove that any unlawful

6    conduct on ATK's part caused injury to NMT.  Third, any injury suffered by NMT is not of the

7    type the antitrust laws were intended to prevent—NMT's demise was not an injury to competition

8    or the competitive process but simply an "injury" (and a self-inflicted one) to NMT.  The antitrust

9    laws "were enacted for 'the protection of competition, not competitors.'"  *Atlantic Richfield Co.*,

10   495 U.S. at 338, quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962); *McDaniel*

11   *v. Appraisal Inst.*, 117 F.3d 421, 423 (9th Cir. 1997) (affirming summary judgment against the

12   plaintiff on his Sherman Act claim due to a lack of antitrust injury where competition was not

13   harmed by the defendant's acts placing the plaintiff at a competitive disadvantage with the

14   market's many competitors), *cert. denied* 523 U.S. 1022 (1998); *Pool Water Products v. Olin*

15   *Corp.*, 258 F.3d 1024, 1036 (9th Cir. 2001) ("A decrease in one competitor's market share,

16   however, affects competitors, not competition.").

17        Further, evidence at trial will establish that ATK's acquisition of Valentec had no

18   anticompetitive consequences in that ATK's purchase of Valentec's assets (after NMT was out of

19   business) simply substituted one "monopoly" links manufacturer (ATK) for another "monopoly"

20   links manufacturer (Valentec).  *Balaklaw v. Lovell*, 14 F.3d 793, 796 (2d Cir. 1994) (physician

21   who lost exclusive contract with hospital failed to establish antitrust standing); *Daniel v.*

22   *American Bd. of Emergency Med.*, 269 F. Supp. 2d 159 (W.D.N.Y. 2003) (alleged refusal to

23   permit plaintiff physicians to take a certification examination fails to state an antitrust claim).

24        Given the fact that NMT was out of the links market long before ATK obtained the

25   alleged monopoly over that market by acquiring Valentec, and in light of the fact that NMT never

26   participated in the linked ammunition market, NMT cannot prove that it and the alleged

27   malefactor (ATK) participated in the same market at the time of the alleged antitrust violation, as

28   the law requires.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213,

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1   1219-20 (C.D. Cal. 2003) (finding that "a party does not have standing simply because it has a

2   commercial relationship with a market participant, thereby giving it an economic interest in

3   avoiding restraint of the relevant market by a third party."); *Mercy-Peninsula Ambulance, Inc. v.*

4   *County of San Mateo*, 791 F.2d 755, 759 (9th Cir. 1986) (county was not a competitor in the

5   market and thus could not violate the antitrust laws to exclude competition in that market);

6   *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1061-62 (2d Cir. 1996) (it is "axiomatic that a firm

7   cannot monopolize a market in which it does not compete.").

8             2.    **ATK's Conduct Was Not The Proximate Cause Of NMT's Alleged**
                    **Injuries.**
9

10          A showing of antitrust standing requires proof of a "physical and economic nexus"

11  between the alleged violation of the antitrust laws and the alleged injury suffered. *Associated*

12  *Gen. Contractors*, 459 U.S. at 540. "A direct relationship between the injury and the alleged

13  wrongdoing has been one of the 'central elements' of the proximate causation determination. . . ."

14  *Association of Wash. Pub. Hosp. Dist. v. Phillip Morris, Inc.*, 241 F.3d 696, 701 (9th Cir. 2001),

15  quoting *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268-69 (1992); *Eagle v. Star-*

16  *Kist Foods, Inc.*, 812 F.2d 538, 541 (9th Cir. 1987) ("The chain of causation between the injury

17  and the alleged restraint in the market should lead directly to the 'immediate victims' of any

18  alleged antitrust violation."); *Toscano v. PGA Tour, Inc.*, 201 F. Supp. 2d 1106 (E.D. Cal. 2002)

19  (no standing for golfer who claimed PGA excluded rival senior golf tours, thereby depriving

20  plaintiff the opportunity to play on such alternative tours, as his injury would be wholly derivative

21  of the injuries to such tours).

22          The evidence at trial will establish that NMT's exit from the links business was directly

23  caused by its underfunding, lack of qualified personnel, inability to manufacture links to the mil

24  specs, falsification of test data, and government raid, all of which deprived NMT of the ability to

25  continue operations. NMT (not ATK) caused NMT to go out of business. And even if ATK

26  somehow contributed to NMT's demise, ATK's conduct was not that of an "unlawful monopolist"

27  because ATK was not in the links business at the time of the "unlawful conduct."

28

LAI-2155922v2

10

**B.    NMT's Sherman Act Section 2 Claim Will Fail.**

NMT alleges that ATK has monopolized the market for small and medium caliber linked ammunition sold to the United States military as well as the market for small and medium caliber ammunition links.  In addition to the antitrust standing requirements previously discussed, to recover for the offense of monopolization, NMT must prove two elements at trial:  "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident."  *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966).  NMT bears the burden of proof on both elements of the offense and will fail to meet these burdens at trial because ATK does not possess monopoly power in any relevant market and certainly has not willfully acquired or maintained an unlawful monopoly.

**1.    ATK Does Not Possess Monopoly Power In Any Relevant Market.**

While merely possessing monopoly power is not itself an antitrust violation, it is a necessary element of a monopolization charge.  Thus, to succeed on its Sherman Act Section 2 claim, NMT must prove that ATK possesses monopoly power which the Supreme Court defines as "the power to control prices or exclude competition."  *United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 391 (1956).  "More precisely, a firm is a monopolist if it can profitably raise prices substantially above the competitive level."  *United States v. Microsoft Corp.*, 253 F.3d 34, 51 (D.C. Cir. 2001), citing 2A Phillip E. Areeda et al., Antitrust Law ¶ 501, at 85 (1995)).  For the reasons set forth above, ATK's position in the relevant markets is not indicative of monopoly power.

**2.    ATK Did Not Willfully Acquire Or Maintain A Monopoly.**

As the Supreme Court recently stated:

> It is settled law that [Section 2] requires, in addition to the possession of monopoly power in the relevant market, 'the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen or historic accident.'[internal citation omitted]. The mere possession of monopoly power, and the concomitant charging of monopoly prices, is not only not unlawful; it is an important element of the free-market system.

1    *Verizon Communications Inc. v. Law Offices of Curtis V. Trinko*, 540 U.S. 398 (2004). As

2    discussed in detail above, the overwhelming evidence is that ATK found itself with no choice but

3    to acquire Valentec's links business. NMT cannot prove that ATK's acquisition of Valentec and

4    subsequent entry into the links business was anything other than the classic "monopoly" by

5    "historic accident." *Souza v. Estate of Bishop*, 821 F.2d 1332, 1336 (9th. Cir. 1987) (monopoly

6    power acquired by historic accident would not violate Section 2 unless acquired by illegal

7    means); *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 548 (9th Cir. 1991) ("A firm

8    that creates a valued service or product should not be punished with treble damages and criminal

9    sanctions merely because the firm finds itself to be the holder of a natural monopoly."); *United*

10   *States v. Aluminum Co. of Am.*, 148 F.2d 416, 429-30 (2d. Cir. 1945) (reasoning that those who

11   find themselves holders of a natural monopoly should not be subject to Sherman Act sanctions).

12   **C.     NMT's Clayton Act Section 7 Claim Will Fail.**

13          The "core question [in a Clayton Act Section 7 case] is whether a merger may

14   substantially lessen competition." *FTC v. Procter & Gamble Co.*, 386 U.S. 568, 577 (1967).

15   Thus, a Section 7 claim requires the plaintiff to prove that a given acquisition or merger has

16   substantial anticompetitive effects. *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1160

17   (9th. Cir. 1984). This is a difficult burden to overcome when challenging a vertical merger, as

18   numerous courts have concluded. *United States v. Columbia Steel Co.*, 334 U.S. 495, 525-26

19   (1948) ("It seems clear to us that vertical integration, as such without more, cannot be held

20   violative of the Sherman Act."); *Alberta Gas Chemicals, Ltd. v. E.I. du Pont de Nemours & Co.*,

21   826 F.2d 1235, 1244 (3d Cir. 1987) ("Indeed, respected scholars question the anticompetitive

22   effects of vertical mergers in general."); *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737

23   F.2d 698, 710 (7th Cir. 1984) (stating that "vertical integration is not an unlawful or even a

24   suspect category under the antitrust laws.") Here—given the specifics of the market—this is an

25   insurmountable burden.

26          On the day before ATK's acquisition of Valentec's assets, NMT was not in the links

27   business and ATK was not in the links business. At that time, Valentec's market share was 100%.

28   On the day after the acquisition, NMT was still not in the links business, ATK's market share

LAI-2155922v2                                              **DEFENDANTS' MEMORANDUM OF**
                                  12                       **CONTENTIONS OF FACT AND LAW**
                                                           **Case No. 02 CV 00473 JAH (BLM)**

1  became 100% and Valentec's share was zero.[5]  Substituting one monopolist for another does not

2  violate the Clayton Act as there is simply no anticompetitive effect; the market simply has not

3  changed. *Oahu Gas Serv., Inc. v. Pacific Resources, Inc.*, 838 F.2d 360, 371 (9th Cir. 1988)

4  (reversing the jury's finding of antitrust liability because the defendant's actions "resulted in no

5  anticompetitive effects. . . ."); *Mercantile Texas Corp. v. Board of Governors of Fed. Reserve*

6  *Sys.*, 638 F.2d 1255, 1270 (5th Cir. 1981) (stating that "a competitively neutral acquisition does

7  not violate the Clayton Act standard."); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256,

8  266 (3d Cir. 1998) (affirming the district court's dismissal of plaintiff's antitrust claims because

9  the "purported antitrust violation can only be said to have been competition-neutral and as such, is

10  not actionable").

11        NMT's Clayton Act claim will also fail at trial because ATK's acquisition of Valentec is

12  insulated by the "failing firm defense." Where the likely alternative to an acquisition is financial

13  failure of the one of the parties, the acquisition does not violate Section 7 of the Clayton Act.  As

14  the Supreme Court has stated, this defense "presupposes that the effect on competition and the

15  'loss to stockholders and injury to the communities where its plants were operated' will be less if a

16  company continues to exist even as a party to a merger than if it disappears entirely from the

17  market." *United States v. General Dynamics Corp.*, 415 U.S. 486, 507 (1974).  The defense is

18  available where:  (1) the company acquired is in imminent danger of failure; (2) the failing firm

19  has no realistic prospect for successful reorganization; and (3) there is no available, less

20  anticompetitive option to the acquisition. *Citizen Publ'g Co. v. United States*, 394 U.S. 131, 138-

21  39 (1969).  Since GDOTS and the Army both wanted ATK to purchase Valentec, and since there

22  plainly were no other potential buyers, ATK's purchase of Valentec meets these factors.

23        **D.    NMT'S Antitrust Claims Make No Economic Sense And Will Fail.**

24        "Antitrust claims must make economic sense." *Adaptive Power Solutions, LLC v. Hughes*

25  *Missile Sys. Co.*, 141 F.3d 947, 952 (9th Cir. 1998) (affirming summary judgment in favor of

26
27  ───────────────
     [5] Although NMT has suggested that it could have reestablished its links operations even
     after it stopped making links in early 2001 and terminated all of its employees, there is no doubt
     that NMT had no such capacity by September 2001, which is when ATK acquired Valentec's
28  links assets, because NMT had already sold most of its links assets.

1    defendant, inter alia, on grounds that "antitrust claims must make economic sense," and plaintiff's

2    claim of antitrust injury was "counter-intuitive"). As the Ninth Circuit put it in a similar case

3    where Toyota was alleged to have destroyed a key supplier, "such an intention on the part of

4    Toyota would have been illogical because a restriction on competition in the [supplier's] market

5    would have raised prices in a market in which Toyota purchased services." *Coastal Transfer Co.,*

6    *v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

7          **E.    NMT's Breach Of Contract Claim Will Fail.**

8          In its second cause of action, NMT alleges that ATK and NMT entered into two

9    contracts—one for small caliber ammunition links and one for medium caliber ammunition

10   links—whereby ATK would order all of its ammunition link "requirements" from NMT

11   throughout the life of ATK's multi-year supply contracts with the government. NMT then alleges

12   that ATK breached these "exclusive" requirements contracts by: (1) purchasing links from

13   Valentec and eventually from itself; (2) repudiating the NMT purchase orders; and (3) wrongfully

14   refusing to pay certain invoices for links shipped by NMT to ATK. ATK, however, will establish

15   that *NMT* is the one that breached the purchase orders, and in fact, *owes* ATK money.

16         At trial, a major portion of NMT's breach of contract claim will fall victim to the evidence

17   establishing that ATK and NMT *did not* enter into requirements contracts, but, instead, entered

18   into simple purchase orders for the delivery of a set quantity of ammunition links over a set

19   period of time, which, as a matter of law, allows ATK to purchase links from companies other

20   than NMT. *Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods.*, 212 F.3d 373,

21   377-78 (7th Cir. 2000) (finding that because there was no statement in the contract that the

22   defendant would buy its requirements from the plaintiff, the defendant was free to vertically

23   integrate and cease buying from the plaintiff); *Mozaffarian v. Breitling U.S.A., No. C-94-1133 SI,*

24   1998 U.S. Dist. LEXIS 19124, *26 (N.D. Cal. 1998) (ruling that the parties did not enter into a

25   "requirements" contract because the contract was not conditioned on—and did not mention—the

26   buyer's requirements or needs and contained a quantity term); *IBM v. Fasco Indus.*, No. C-93-

27   20326 RPA, 1995 U.S. Dist. LEXIS 22141, *7, n.2 (N.D. Cal. 1995) ("The parties did not have a

28   requirements contract obligating IBM to purchase all if its blower requirements from Fasco. The

LAI-2155922v2

14

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1   purchase orders were limited to the quantities stated."). Testimony from NMT's self-interested

2   shareholders that they subjectively "believed" NMT and ATK had entered into an exclusive,

3   requirements contract is inadmissible parole evidence, and even that testimony acknowledges that

4   the length of the purchase order for small caliber links was 30 months, not 10 years. Finally, this

5   self-serving testimony is directly contradicted by contemporaneous documents showing NMT

6   proposed such a contract but ATK rejected it. Further, the language of the purchase orders

7   themselves allow ATK to terminate for any reason, including its own convenience.

8       Another chunk of NMT's breach of contract claim will fail due to the evidence showing

9   that NMT was the party that breached the purchase orders by failing to deliver quality products

10   on schedule, and by going out of business, which occurred prior to ATK's termination of the

11   purchase orders. Further, pursuant to the purchase orders, NMT was required to provide links

12   that were suitable or fit for the ATK's purposes ion compliance with express and implied

13   warranties of the contracts, and thus, NMT's failure to provide ATK with links that meet mil

14   specs constitutes a breach of the purchase orders pursuant to NMT's obligations under both the

15   express and implied warranties of the purchase orders. Cal. Com. Code §§ 2313, 2315. Where a

16   seller makes it clear that it is unwilling or unable to perform on a contract, the aggrieved buyer

17   may resort to any remedy for breach. Cal. Com. Code § 2610. One of a buyer's remedies for

18   breach is cancellation of the contract. Cal. Com. Code § 2711.

19       As a result of NMT's multiple breaches of the purchase orders and its failure to deliver

20   sufficient numbers of quality links, ATK incurred substantial monetary damages which it asserts

21   here by way of offset.

22   **F.   NMT's Intentional Interference With Prospective Economic Advantage**
         **Claim Will Fail.**

23

24       In its third cause of action, NMTI, the parent company of NMT, alleges that ATK

25   intentionally interfered with the proposed merger between NMTI and Comtel, exclusive of

26   the links business, which was supposed to be sold or spun off prior to closing. To prove a

27   claim for interference with prospective economic advantage, NMT must show: (1) an

28   economic relationship between NMT and Comtel, with the probability of future economic

15

1    benefit to NMT; (2) ATK's knowledge of the relationship; (3) intentional acts by ATK

2    designed to disrupt the relationship; (4) actual disruption of the relationship; and

3    (5) economic harm to NMT proximately caused by ATK. *Korea Supply Co. v. Lockheed*

4    *Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). In addition, NMT "must plead and prove as

5    part of its case-in-chief that the defendant's conduct was '*wrongful by some legal measure*

6    *other than the fact of interference itself.*'" *Id.* at 1153 (emphasis added) (quoting *Della*

7    *Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995)).

8          **1.    ATK Took No Intentional Actions Designed To Disrupt The Merger.**

9          NMT will fail to prove that ATK took intentional steps designed to disrupt the NMTI-

10    Comtel merger. The evidence at trial will establish that few at ATK even knew about the NMTI-

11    Comtel merger, and nobody from ATK cared because the proposed merger did not include the

12    links business.

13          **2.    ATK Took No Independently Wrongful Actions.**

14          "The tort of intentional interference with prospective economic advantage is not

15    intended to punish individuals or commercial entities for their choice of commercial

16    relationships or their pursuit of commercial objectives, unless their interference amounts to

17    independently actionable conduct." *Korea Supply*, 29 Cal. 4th at 1158-59 (citing *Marin Tug*

18    *& Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 835 (9th Cir. 2001)). An act is

19    independently wrongful "if it is unlawful, that is, if it is proscribed by some constitutional,

20    statutory, regulatory, common law, or other determinable legal standard." *Korea Supply*, 29

21    Cal. 4th at 1159; *Marin Tug & Barge*, 271 F.3d at 835 (affirming the district court's grant of

22    summary judgment on the intentional interference claim because the defendant's acts were

23    not "proscribed by any statute, constitutional provision, or other independent source of legal

24    principles.").

25          NMT alleges that, because ATK "breached" its agreements with NMT by refusing to

26    pay for certain links that NMT had manufactured, NMTI's proposed transaction with Comtel

27    failed and ATK can be liable for intentionally interfering with that relationship. NMTI is

28    wrong as a matter of law. It is well-settled in California that a breach of contract—assuming

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1   ATK did breach its contract, which ATK will disprove at trial—does not constitute the type

2   of "wrongful" conduct that supports the tort of interference with prospective economic

3   advantage. *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464,

4   479 (1996) ("A contracting party's unjustified failure or refusal to perform is a breach of

5   contract, and cannot be transmuted into tort liability by claiming that the breach detrimentally

6   affected the promisee's business."); *Lange v. TIG Insurance Co.*, 68 Cal. App. 4th 1179,

7   1187-88 (1998) ("TIG merely exercised its contractual right of termination. Apart from the

8   disruption caused by terminating EVE, TIG did not interfere with respondents' business.

9   Thus, no independently wrongful conduct occurred.").

10          **3.     It Was Not Reasonably Probable That The NMTI-Comtel Merger
                     Would Close Absent Any Interference And There Was No Actual
11                   Disruption Of The Relationship.**

12          NMT cannot establish that it was "reasonably probable that the lost prospective

13   economic advantage would have been realized but for defendant's interference." *Youst v.*

14   *Longo*, 43 Cal. 3d 64, 71 (1987); *Wilson v. Loew's, Inc.*, 142 Cal. App. 2d 183, 190 (1956)

15   ("before recovery can be had for interference with and loss of a future or prospective contract

16   or business relationship, it must appear that such contract or relationship would otherwise

17   have been entered into.").

18          **4.     ATK's Actions Are Insulated By The Competition Privilege.**

19          California, like most other jurisdictions, recognizes that acts taken in the course of

20   normal competition cannot result in an interference claim. *Tri-Growth Centre City LTD. v.*

21   *Silldorf, Burdman, Duignan & Eisenberg*, 216 Cal. App. 3d 1139, 1153 (1989). Claims by

22   NMT that it was "financially ruined" by ATK's entry into the links market through vertical

23   integration implicate the privilege of competition and insulate ATK's business activities.

24   *C. Pappas Co., Inc. v. E.& J. Gallo Winery*, 610 F. Supp. 662, 669 (E.D. Cal. 1985)

25   ("competition in business, though carried to the extent of ruining a rival, is not ordinarily

26   actionable provided that the competition does not involve wrongful conduct such as fraud,

27   misrepresentation, intimidation, . . . .").

28

**III.    ABANDONED ISSUES**

ATK has not identified any issues that have been abandoned.

**IV.    EXHIBITS ATK EXPECTS TO PRESENT AT TRIAL**

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| A | Will Offer | | | Lake City Map [ATK280959] |
| B | Will Offer | | | M28 Technical Data Package List |
| C | Will Offer | | | [Undated]  M28 Product Specification [ATK021439-1458] |
| D | Will Offer | | | [Undated]  M28 Specifications and Drawings [ATK010001-0010] |
| E | Will Offer | | | [Undated]  Oversized Blueprint/Diagram of Carton for Link, Cartridge, Metallic Belt, 762 MM, M13 [NMT006071] |
| F | Will Offer | | | [Undated]  Oversized Blueprint/Diagram of Carton for Link, Cartridge, Metallic Belt, 762 MM, M13 [NMT008212] |
| G | Will Offer | | | [Undated]  Oversized Blueprint/Diagram of Carton for Link, Cartridge, Metallic Belt, 5.56 MM, M27 [NMT008611] |
| H | Will Offer | | | [Undated]  Oversized Blueprint/Diagram of Carton for Link, Cartridge, Metallic Belt, 5.56 MM, M27 [NMT010360] |
| I | Will Offer | | | [Undated]  Oversized Blueprint/Diagram of Case [NMT008622] |
| J | Will Offer | | | [Undated]  Oversized Blueprint/Diagram of Characteristics Link Belt 25 MM, M28 [NMT026129] |

LAI-2155922v2

18

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|-----------------------|-------------|---------------|-------------|
| K | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Characteristics Link Belt 25 MM, M28 [NMT024058] |
| L | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Fixture, Dynamic Test [NMT008720] |
| M | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Fixture, Hardness RMI [NMT008607] |
| N | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Fixture, Hardness RMI [NMT008606] |
| O | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Gage, Staging Fixture, Metallic Link [NMT007621] |
| P | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link Assembly, 25 MM, M28 [NMT012253] |
| Q | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link Assembly, 25 MM, M28 [NMT025497] |
| R | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link Assembly, 25 MM, M28 [NMT026130] |
| S | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link Assembly, 25 MM, M28 [NMT024056] |
| T | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link Assembly, 25 MM, M28 [NMT024057] |
| U | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 20 MM Cartridge, Mark 7 Mod 1 [NMT013282] |
| V | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT012252] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| W | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT012251] |
| X | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT024038] |
| Y | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT026126] |
| Z | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT024056] |
| AA | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT024040] |
| AB | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT026125] |
| AC | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, 25 MM, M28 [NMT024039] |
| AD | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 7.62 MM, M13 [NMT006069] |
| AE | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 7.62 MM, M13 [NMT006070] |
| AF | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 5.56 MM, M27 [NMT008609] |
| AG | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 5.56 MM, M27 [NMT008608] |

LAI-2155922v2

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| AH | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 7.62 MM, M13 [NMT008620] |
| AI | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 7.62 MM, M13 [NMT008619] |
| AJ | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 7.62 MM, M13 [NMT010173] |
| AK | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 7.62 MM, M13 [NMT010261] |
| AL | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 5.56 MM, M27 [NMT010362] |
| AM | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link, Cartridge, Metallic Belt, 5.56 MM, M27 [NMT010363] |
| AN | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link-Pivot 25 MM, M26 [NMT024054] |
| AO | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link-Pivot 25 MM, M26 [NMT026128] |
| AP | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link-Pivot 25 MM, M28 [NMT012250] |
| AQ | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Link-Pivot 25 MM, M28 [NMT024055] |
| AR | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Magazine Shell-9 MM P93, P94-10 Round [NMT023013] |

LAI-2155922v2

21

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------|------|------|------|
| AS | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Ring, Front, 718 [NMT023026] |
| AT | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Spring, Disc [NMT024407] |
| AU | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Spring, Disc [NMT024408] |
| AV | Will Offer | | | [Undated] M9 link used by Lake City Army Ammunition Plant 50 caliber ammunition |
| AW | Will Offer | | | [Undated] M27 Link Used by Lake City Army Ammunition Plant 5.56 MM Ammunition |
| AX | Will Offer | | | [Undated] M28 Link Pivot Used by Radford Army Ammunition Plant 25 MM Ammunition |
| AY | Will Offer | | | [Undated] M28 Link Used by Radford Army Ammunition Plant 25 MM Ammunition |
| AZ | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Dummy Cartridge, 5.56 MM, M232 Inert Loaded [NMT008610] |
| BA | Will Offer | | | [Undated] Oversized Blueprint/Diagram of Dummy Cartridge, 7.62 MM, M172, Inert Loaded [NMT008623] |
| BB | Will Offer | | | [Undated] M13 Link Used by Lake City Army Ammunition Plant 7.62 MM Ammunition |
| BC | Will Offer | | | 1979/10/31 M28 Product Specification and Drawings [ATK030006-0033] |
| BD | May Offer | | | 1986/05/09 Amendment to Military Specifications [NMT010281-0298] |

LAI-2155922v2

22

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|-----|-----|-----|-----|
| BE | May Offer | | | 1996/02/01  Notice of Inactivation for New M13 Design [NMT010187-0204] |
| BF | Will Offer | | | 1996/04/10  Notice of Inactivation for New M27 Design [ATK080082-0100] |
| BG | Will Offer | | | 1997/00/11  ATK Terms & Conditions [NMT022710-2729] |
| BH | Will Offer | | | 1998/10/13  ARDEC M13 Technical Data Package List [ATK080101-0149] |
| BI | Will Offer | | | 1998/10/13  ARDEC M27 Technical Data Package List [ATK080041-0081] |
| BJ | Will Offer | | | 1998/10/13  ARDEC M9 Technical Data Package List [ATK080168-0197] |
| BK | Will Offer | | | 1999/11/01  Medium Caliber Purchase Order to NMT [ATK0313129-1336] |
| BL | Will Offer | | | 1999/11/01  Medium Caliber LAP Material Purchase Description (PD) [ATK090586-0594] |
| BM | Will Offer | | | 1999/11/02Olin Corp.'s Lake City Purchase Order No. Z92957 |
| BN | Will Offer | | | 1999/12/06  ARDEC M27 Technical Data Package List 19200 12597658 [ATK080001-0040] |
| BO | Will Offer | | | 1999/12/17  Small Caliber Purchase Order [NMT025352-5381] |
| BP | May Offer | | | 1999/12/17  Statistical Process Control [ATK021977-2002] |
| BQ | Will Offer | | | 2000/04/03  M27 Purchase Description and Drawings [ATK050473-0484]; [ATK280959] |
| BR | Will Offer | | | 2000/04/03  M9 Purchase Description and Drawings [ATK050462-0471] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| BS | Will Offer | | | 2000/11/15  M13 Purchase Description and Drawings [ATK050485-0494] |
| BT | Will Offer | | | 2001/10/14  Medium Caliber Lap Material Purchase Description (PD) [ATK090637-0645] |
| BU | Will Offer | | | [Undated]  M9, M27 Corrective Action Response [NMT008919-8920] |
| BV | May Offer | | | [Undated]  NMT M28 Quality Control Program [NMT010141-0171] |
| BW | May Offer | | | [Undated]  NMT M13 Quality Control Program [NMT010172-0271] |
| BX | May Offer | | | [Undated]  NMT M27 Quality Control Program [NMT010272-0370] |
| BY | May Offer | | | [Undated]  NMT's M28/ATK Folder [NMT010376-0495] |
| BZ | May Offer | | | [Undated]  NMT's Quality Control Manuals [NMT010496-0657] |
| CA | May Offer | | | [Undated]  NMT purchase orders to Valentec [NMT011553-1559] |
| CB | May Offer | | | [Undated]  Response to Moore Letter to PDM of March 23, 2001 re: allegation of ATK withholding payment to NMT [ATK100128] |
| CC | Will Offer | | | [Undated]  1999-2000 Small and Medium Caliber Link Schedules [ATK020634-0639] |
| CD | May Offer | | | [Undated]  Letter to B. Grivas and P. Moore from D. Crites re: ATK exercising right to terminate contracts with NMT for default [ATK070475] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| CE | May Offer | | | [Undated] Handwritten Memo re: "NMT Activities." [ATK110214] |
| CF | May Offer | | | [Undated] Handwritten Note to Jeff Tardiff re: machine out of calibration [NMT026723] |
| CG | May Offer | | | [Undated] June 2nd Handwritten Meeting Notes [006355] |
| CH | May Offer | | | [Undated] Lot 68 Link produced by NMT |
| CI | May Offer | | | [Undated] Lot 68 Link produced by NMT |
| CJ | Will Offer | | | [Undated] M9 Lots Received/Accepted/Rejected Reports for April 1, 2000 to April 2, 2001 [ATK110076-0078] |
| CK | Will Offer | | | [Undated] March 7th & 8th NMT Trip Report [ATK011168] |
| CL | May Offer | | | [Undated] May 30th Handwritten Meeting Notes [006364] |
| CM | May Offer | | | [Undated] NMT Employee List [ATK040474] |
| CN | Will Offer | | | [Undated] Letter to B. Grivas and P. Moore from D. Crites re: February 26 phone conversation [ATK100139] |
| CO | Will Offer | | | [Undated] Handwritten Notes re: Lot 068 Links [ATK021540] |
| CP | May Offer | | | 1999/02/25 ATK Certification Reference Number RLH-L004 [ATK041016-1020] |
| CQ | May Offer | | | 1999/03/02 Fax to ATK from M. McCarthy re: Inquiry No. RLH-L005 [ATK041021-1028] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|-----|-----|-----|-----|
| CR | Will Offer | | | 1999/06/00  M28 Certificate of Conformance [NMT005935-5965] |
| CS | Will Offer | | | 1999/06/23  Material Action Record on Lot 54 links [ATK020914-0916] |
| CT | May Offer | | | 1999/10/00 to 2000/05/02 Memo re: NMT Correspondence [ATK041092-1094] |
| CU | May Offer | | | 1999/11/02  Letter to J. Finkbiner to J. Tardiff re: Origin of M-9 Tooling [ATK040462] |
| CV | Will Offer | | | 2000/00/00  NMT Rockwell Testing M28 [NMT01167-1191] |
| CW | May Offer | | | 2000/01/00  Memo to John re: Responses to NMT Letter re: References to Quality Dept. [ATK040277-0283] |
| CX | Will Offer | | | 2000/01/13  Memo to J. Yeakley, R. Hoops & B. Noon re: NMT Assessment [ATK021933-1936] |
| CY | Will Offer | | | 2000/01/18  Email to D. Crites from B. Noon re: NMT Trip Report [ATK100699-0701] |
| CZ | May Offer | | | 2000/01/20  Email to R. Hoops from B. Boon re: 5.56mm and 7.62mm Dummy Rounds [ATK021937] |
| DA | Will Offer | | | 2000/01/26  Memo to K. Burton from D. Crites re: NMT Trip Report [ATK021857-1860] |
| DB | Will Offer | | | 2000/02/07  Email to J. Tardiff from R. Hoops re: M13 & M27 Ramp Up Schedule [ATK031176-1179] |
| DC | Will Offer | | | 2000/02/08  Email to R. Hoops from J. Tardiff re: M13 & M27 Ramp Up Schedule [ATK030039-0041] |

LAI-2155922v2                                   26

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| DD | Will Offer | | | 2000/02/09 Direct Material Summary for February-September '00 [ATK040704] |
| DE | Will Offer | | | 2000/02/10 Email to M. DeYoung from R. Hoops re: Links [ATK031174-1175] |
| DF | Will Offer | | | 2000/02/10 Letter to J. Tardiff from R. Hoops re: Purchase Order Number LC001 [ATK040696] |
| DG | May Offer | | | 2000/02/10 Work Instruction: Termination With Cause [ATK040697-0703] |
| DH | May Offer | | | 2000/02/11 Email to M. DeYong, K. Holiday from R. Hoops re: Discussion of Delinquent Notice to NMT [ATK031173] |
| DI | Will Offer | | | 2000/02/14 Email to R. Hoops, K. Holiday from M. DeYoung re: Providing Information on Sent Delinquency Notice to NMT [ATK031160-1161] |
| DJ | Will Offer | | | 2000/02/18 Letter to R. Hoops from J. Tardiff re: NMT's response to the February 10, 2000 Letter [ATK040692-0693] |
| DK | May Offer | | | 2000/03/02 Lake City Small Caliber Ammunition Link Supply Status and Risk Mitigation Plan [ATK030001-0005] |
| DL | Will Offer | | | 2000/03/03 Letter to J. Tardiff from Rob Hoops re: Review of Purchase Order LC001 [Deposition of Robert Hoopes, Exhibit 481] |
| DM | | | | 2000/03/21 Ammunition Link Industrial Base White Paper [000621-000631] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| DN | May Offer | | | 2000/03/29 Fax Cover Sheet to NMT/J. Wilson from J. Finkbiner re: M9 Link Shipment [ATK040680] |
| DO | May Offer | | | 2000/04/04 Email to J. Tardiff from J. Finkbiner re: M13 and M27 Packaging Requirements [ATK040676-0677] |
| DP | May Offer | | | 2000/04/04 Email to J. Tardiff from J. Finkbiner re: documentation on milestones report [ATK040678] |
| DQ | Will Offer | | | 2000/04/12 Fax to NMT/J. Tardiff from J. Finkbiner re: Recovery Schedule [ATK050754] |
| DR | Will Offer | | | 2000/04/19 M9 Certificate of Conformance & ATK Receiving Inspection [ATK030275-0285] |
| DS | Will Offer | | | 2000/04/20 Email to L. Smith from J. Finkbiner re: M27 and M13 Links [ATK040917-0918] |
| DT | Will Offer | | | 2000/04/20 M9 Receiving Inspection Rejectable Nonconforming Material Report and NMT Certificate of Conformance [ATK030275-0285] |
| DU | Will Offer | | | 2000/04/24 Letter J. Tardiff from J. Finkbiner to Reference P.O. Number LC001 [ATK042165-2166] |
| DV | Will Offer | | | 2000/04/29 Email to J. Finkbiner from J. Tardiff re: acknowledgement of receipt of supporting ramp up schedule for M27/M13 [NMT001035] |
| DW | Will Offer | | | 2000/05/00 Memo from H. E. Cook re: NMT Trip Report [ATK040463-0464] |

LAI-2155922v2    28    DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| DX | May Offer | | | 2000/05/01  Handwritten Notes re: H.E. Cook's Visit to NMT [ATK040575-0576] |
| DY | Will Offer | | | 2000/05/08  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041372-1398; ATK030247-0274] |
| DZ | Will Offer | | | 2000/05/09  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041399-1418] |
| EA | Will Offer | | | 2000/05/11  M27 Certificate of Conformance & ATK Receiving Inspection Report [ATK041919-1939] |
| EB | Will Offer | | | 2000/05/15  Memo to D. Rohan, K. Nicholson from J. Krawczyk re: NMT M27 Link Status [ATK042171] |
| EC | Will Offer | | | 2000/05/16  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK030214-0226] |
| ED | Will Offer | | | 2000/05/17  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK042308; ATK041314-1339] |
| EE | Will Offer | | | 2000/05/17  Memo for File from J. Finkbiner re:  NCM 395-077-V M9 Link Lot Number TX25974 [ATK050776] |
| EF | May Offer | | | 2000/05/23  Letter to J. Hack from J. Tardiff re: Link Manufacturing [NMT000150] |
| EG | May Offer | | | 2000/05/23  Fax to J. Finkbiner from E. Carpenter re:  M-27 Lines 1st Article Sample [ATK041731-1732] |
| EH | Will Offer | | | 2000/05/24  Email to H. Cook from E. Carpenter re: M27 First Article [ATK040465] |

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| EI | Will Offer | | | 2000/05/30  NMT Link Delivery Analysis [ATK040105-0108] |
| EJ | Will Offer | | | 2000/06/00  Memo re: NMT Trip Report [ATK040467-0468] |
| EK | Will Offer | | | 2000/06/06  NMT Link Delivery Analysis Chart [ATK040123] |
| EL | May Offer | | | 2000/06/14  Letter to J. Tardiff from MetaalWaren-Fabriek Tilburg re: Quotation Progressive Die Link M27 [NMT000149] |
| EM | May Offer | | | 2000/06/15  Acceptance Inspection Equipment - Link, Cartridge, Metallic Belt, 25MM, M28 [ATK011353] |
| EN | Will Offer | | | 2000/06/15  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK030197-0213] |
| EO | Will Offer | | | 2000/06/15  Quality Alert written by M. Lodge re:  M9 Links [NMT011263] |
| EP | Will Offer | | | 2000/06/22  Email to L. Smith from D. Crites re: Strange Phone Call [ATK042178] |
| EQ | Will Offer | | | 2000/06/23  Material Quality Requirements Checklist [ATK011974-1976] |
| ER | Will Offer | | | 2000/06/26  Email to D. Geiss from Steve Farley re: possible quality problems with the links [ATK090214] |
| ES | Will Offer | | | 2000/06/27  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041477-1499] |

LAI-2155922v2

30

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------------------------|-------------|---------------|-------------|
| ET | Will Offer | | | 2000/06/27 Memo to L. Smith from J. Tardiff re: Status On Small Caliber Link Productions [ATK040469] |
| EU | May Offer | | | 2000/06/28 Email to J. Sowa and B. Russell from R. Alberto re: LCAAP WAR (28 Jun 00) [ATK221154-1156] |
| EV | Will Offer | | | 2000/06/29 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK030174-0196] |
| EW | Will Offer | | | 2000/06/29 Memo to J. Tardiff, J. Wilson, D. Blea and M. McCarthy from E. Carpenter re: First Article M-27 [NMT024341] |
| EX | Will Offer | | | 2000/06/30 Quality Alert Written by M. Lodge re: M9 Links [NMT023996] |
| EY | May Offer | | | 2000/07/06 Letter to A. Catani from P. Moore re: Areas of Assistance [NMT000962-0963] |
| EZ | Will Offer | | | 2000/07/10 Letter to J. Tardiff from S. Farley re: NMT visit [ATK030781-0782] |
| FA | Will Offer | | | 2000/07/10 Memo to A. Parrish from L. Snider re: NMT Trip Report [ATK260151-0152] |
| FB | Will Offer | | | 2000/07/11 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041501-1518] |
| FC | Will Offer | | | 2000/07/12 Material Action Record on 30 MM Ammo Strips and M28 Links [ATK110128-0134] |
| FD | Will Offer | | | 2000/07/17 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041792] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| FE | Will Offer | | | 2000/07/20  Email to J. Tardiff from J. Finkbiner re: Various Issues [NMT 012803] |
| FF | Will Offer | | | 2000/07/20  M27 Certificate of Conformance & ATK Receiving Inspection Report [ATK041887-1918] |
| FG | Will Offer | | | 2000/07/24  Memo For File from J. Finkbiner re:  NCM'S 395-126, 127 And 136-V M9 Link Lot Number TX25589, TX25516 And TX25618 [ATK050775] |
| FH | Will Offer | | | 2000/07/24  Fax to J. Tardiff from J. Finkbiner re: M27 1st Article Acceptance [NMT026696-6697] |
| FI | May Offer | | | 2000/07/26  Summary of Phone Conversation re: M13 links [NMT012802] |
| FJ | Will Offer | | | 2000/08/07  Corrective Action Request to NMT for M9 links [ATK030106] |
| FK | May Offer | | . | 2000/08/09  Memo re: NMT's Activities [ATK042187-2189] |
| FL | Will Offer | | | 2000/08/17  Email to J. Tardiff from L. Smith re: M13 Link Status [ATK042190] |
| FM | Will Offer | | | 2000/08/21  Letter to L. Alperson from G. Hawks re: Alliant Techsystems' Assumes Responsibility to Purchase Steel With Respect to Purchase Order No. T10365 [RS000053-000053] |
| FN | Will Offer | | | 2000/08/22  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041519-1535] |
| FO | Will Offer | | | 2000/08/23  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041799] |

LAI-2155922v2

32

| NO. | MAY OFFER WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| FP | Will Offer | | | 2000/08/25  M28 Certificate of Conformance [ATK090816-0907] |
| FQ | Will Offer | | . | 2000/08/25  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041798] |
| FR | Will Offer | | | 2000/09/01  M28 Certificate of Conformance [ATK090764-0815] |
| FS | Will Offer | | | 2000/09/06  Letter to J. Tardiff from L. Smith re:  NMT's failure to meet delivery requirements [ATK050122-0123] |
| FT | Will Offer | | | 2000/09/06  Letter to J. Tardiff from L. Smith re: Notification of NMT's failure to deliver material in connection with purchase order numbers LC001 and LC001 Alt. No. 1 and 2 [ATK031132-1133] |
| FU | Will Offer | | | 2000/09/06  M27 In-Process Inspection Re: Lot No. NMT00H001-001 [Deposition of Kenneth Whiteburg, Exhibit 2] |
| FV | Will Offer | . | | 2000/09/11  M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041584-1602] |
| FW | Will Offer | | | 2000/09/12  M27 Certificate of Conformance & ATK's Receiving Inspection Report [ATK041736] |
| FX | Will Offer | | | 2000/09/13  Letter with Attachments to L. Smith from J. Tardiff re:  response to September 6, 2000 letter [ATK050124-0129] |
| FY | Will Offer | | | 2000/09/13  Response to L. Smith letter from J. Tardiff re: September 6, 2000 letter regarding NMT's failure to deliver [ATK040340-0344] |

LAI-2155922v2

33

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| FZ | Will Offer | | | 2000/09/19 M13 Certificate of Conformance and ATK's Receiving Inspection Report [ATK041940-1982] |
| GA | Will Offer | | | 2000/09/22 M28 Certificate of Conformance [ATK091395-1528] |
| GB | May Offer | | | 2000/09/25 Email to J. Finkbiner, F. Simpson, P. Chaffee, J. Taylor, K. Holiday, T. Herman, and L. Smith from D. Harris re: M13 Links [ATK040095] |
| GC | Will Offer | | | 2000/10/03 Letter to J. Tardiff from J. Finkbiner re: Notification of NMT's Continuing Default of Purchase Order LC001 [ATK040775] |
| GD | Will Offer | | | 2000/10/03 M13 Certificate of Conformance and ATK's Receiving Inspection Report [ATK041983-1996] |
| GE | Will Offer | | | 2000/10/03 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041558-1584] |
| GF | May Offer | | | 2000/10/18 Letter to K. Whiteberg from L. Trahan of the Department of Defense Hotline re: response to October 16, 2000 inquiry and case number 78682 enclosing Guidelines for Requesting Hotline Files Under FOIA |
| GG | Will Offer | | | 2000/10/18 M28 Certificate of Conformance [ATK090646-0747] |
| GH | Will Offer | | | 2000/10/18 M28 Certificate of Conformance [ATK091058-1127] |
| GI | Will Offer | | | 2000/10/26 M13 Certificate of Conformance and ATK's Receiving Inspection Report [ATK041997-2025] |

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------------------------|-------------|---------------|-------------|
| GJ | Will Offer | | | 2000/10/27 M27 Certificate of Conformance & ATK's Receiving Inspection Report [ATK041822-1844] |
| GK | Will Offer | | | 2000/10/28 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041718] |
| GL | Will Offer | | | 2000/10/30 M27 Certificate of Conformance & ATK's Receiving Inspection Report [ATK041845-1867] |
| GM | Will Offer | | | 2000/11/00 Memo re: NMT Trip Report [ATK040472-0473] |
| GN | May Offer | | | 2000/11/01 Letter to J. Tardiff from D. Crites re: termination for cause [ATK042085-2088] |
| GO | Will Offer | | | 2000/11/08 M27 Certificate of Conformance & ATK's Receiving Inspection Report [ATK041868-1886] |
| GP | Will Offer | | | 2000/11/08 NMT Quality Manual [ATK040509-0536] |
| GQ | Will Offer | | | 2000/11/09 Memo to J. Tardiff from E. Carpenter re: ATK's Source Inspection Results on M-27 Links, M-13 1st Article Update [NMT026590] |
| GR | Will Offer | | | 2000/11/10 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041671-1689] |
| GS | Will Offer | | | 2000/11/15 Email to M. DeYoung, T. Herman, L. Smith, J. Finkbiner, H. Cook and M. Lodge message from J. Krawczyk re: NMT Links [ATK040499] |
| GT | Will Offer | | | 2000/11/15 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041603-1623] |

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------------------------|-------------|---------------|-------------|
| GU | Will Offer | | | 2000/11/16  M28 Certificate of Conformance [NMT026362-6453] |
| GV | | | | 2000/11/19  Email to E. Hetzel from Ed and Dianne Hetzel re Link Manufacturer: National Manufacturing Technologies [001947] |
| GW | Will Offer | | | 2000/11/20  Material Action Record B50065 [ATK031410] |
| GX | May Offer | | | 2000/11/20  Email to G. Hawks, J. Weinmann, B. Noon, D. Delaney, D. Dimitroff, R. Wisian, S. Farley, D. Crites from S. Neubauer re: Potential Issues with NMT Links [ATK021459-1460] |
| GY | May Offer | | | 2000/11/20  Email to L. Murphy from E. Hetzel re: Source Inspections [000393] |
| GZ | Will Offer | | | 2000/11/20  Email to J. Schaub, B. Penn, R. Wisian, S. Farley, M. Dooley, and L. Smith from D. Crites re:  NMT [ATK100166] |
| HA | Will Offer | | | 2000/11/21  ATK Lots Received/Rejected/Accepted Report [ATK040587-0591] |
| HB | Will Offer | | | 2000/11/21  Email to D. Crites, M. Dooley, B. Noon, M. Lodge, J. Finkbiner, J. Krawcyzk, B. Penn, S. Farley from G. Hawks to ATK personnel discussing NMT raid and ATK response [ATK021464] |
| HC | Will Offer | | | 2000/11/21  Email to Steve Neubauer from Jim Weinmann re: NMT [ATK021403-1404] |
| HD | May Offer | | | 2000/11/21  Email to D. Crites and M. Dooley from B. Penn re: M28 Links [ATK030869] |

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| HE | Will Offer | | | 2000/11/21 Email to K. Dolph, B. Penn, R. Wisian, M. Miano, A. Parrish, S. Smith, S. Farley, M. Dooley from J. Weinmann re: 25MM Links from NMT [ATK070257] |
| HF | Will Offer | | | 2000/11/21 Email to D. Crites and M. Dooley re: NMT and email to J. Schaub, K. Burton, L. Smith, B. Noon, M. Dooley and S. Farley from D. Crites re: Post-Government Contacts with NMT [ATK021465] |
| HG | May Offer | | | 2000/11/21 S. Farley's Handwritten Notes re: NMT/ATK Conference Call [ATK110212-0214] |
| HH | Will Offer | | | 2000/11/21 Email to D. Delaney from S. Farley re: NMT Links [ATK100174] |
| HI | Will Offer | | | 2000/11/22 Email to B. Noon from J. Wineman including various other ATK personnel re: 25MM Links from NMT [ATK021398-1399] |
| HJ | Will Offer | | | 2000/11/22 Email to Vera Bunelson from G. Hawks re: National Metal Tecchnologies [ATK021910] |
| HK | Will Offer | | | 2000/11/22 Email to J. Weinmann, D. Dimitroff, S. Neubauer, D. Crites, B. Penn, S. Farley, D. Delaney, M. Dooley, L. Ramsey, 'vdimitro@ties.k12.mn.us' from B. Noon re: NMT Links [ATK010907] |
| HL | May Offer | | | 2000/11/22 Memo to B. Penn, R. Wisian, B. Noon, L. Ramsey from D. Crites re: NMT [ATK100075] |
| HM | May Offer | | | 2000/11/22 Email to J. Weinmann, B. Noon, and D. Delaney from G. Hawks re: Potential Issues with NMT Links [ATK010904] |
| HN | Will Offer | | | 2000/11/26 NMT Report re: The November 20, 2000 Raid on NMT [ATK050164-050165] |

LAI-2155922v2

37

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| HO | Will Offer | | | 2000/11/27 Email to W. Mahoney and L. Murphy from E. Hetzel re NMT Links re: rubberband placed on the link [000385] |
| HP | May Offer | | | 2000/11/27 Handwritten notes and drawings re: Examinations/Test to be re-performed at NMT [ATK011310-1318] |
| HQ | May Offer | | | 2000/11/27 Handwritten notes of teleconference with S. Wilson, Kenny Whiteberg and Jeff Tardiff re: Lot 68 links [ATK010865-0877] |
| HR | May Offer | | | 2000/11/27 Handritten notes re: Hardness Testing [ATK011303-1309] |
| HS | May Offer | | | 2000/11/27 Email to D. Crites from S. Farley re: Potential Issues with NMT Links [ATK090227-0228] |
| HT | Will Offer | | | 2000/11/28 M9 Certificate of Conformance & ATK Receiving Inspection [ATK041645-1670] |
| HU | Will Offer | | | 2000/11/29 Email to B. Noon and D. Delaney from S. Burnquist re: Shipment to San Diego, CA [ATK022032-2033] |
| HV | Will Offer | | | 2000/11/29 Email to D. Day, R. Rossi and B. Linkous from W. Brabban re: Lot 068 [ATK022032] |
| HW | May Offer | | | 2000/11/29 Letter to C. Lam from R. Rose re: NMT [NMT000896-0897] |
| HX | Will Offer | | | 2000/11/30 Email to D. Dimitroff, B. Noon, D. Delaney from J. Yeakley re: Attached Documentation of Sample Selection [ATK021416-1418] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|-----------------------|-------------|---------------|-------------|
| HY | Will Offer | | | 2000/12/00 Memo from M. Lodge, T. McFarland re: NMT Trip Report [ATK040254-0263] |
| HZ | Will Offer | | | 2000/12/05 Fax with attachment re Description of Deficiency: Link and Pivot Do Not Meet Hardness Requirement [000361-000366] |
| IA | May Offer | . | | 2000/12/05 Letter to L. Murphy from E. Carpenter re: Additional Information Requested re: Rockwell Hardness Tester [000326-000330] |
| IB | Will Offer | | | 2000/12/06 Hardness Testing procedure for the M28 Links (ATK 050183-185) |
| IC | Will Offer | | | 2000/12/08 Email to K. Dolph, R. Wisian, S. Smith, D. Dimitroff, S. Farley, D. Crites from A. Parrish re: Link test status at NMT [ATK100180] |
| ID | Will Offer | | | 2000/12/11 Email to K. Holiday, J. Krawczyk and J. Finkbiner from L. Smith re: discussion of David Crites' trip to NMT [ATK040430] |
| IE | Will Offer | | | 2000/12/11 Email to D. Dimitrof, S. Neubauer from R. Voss re: NMT M28 Link Trip Report [ATK010917] |
| IF | Will Offer | | | 2000/12/11 Email to D. Dimitroff, S. Neubauer, C. Rasmussen, B. Noon, A. Parrish, A. Phillips, S. Farley, J. Krawczyk, L. Osgood from Kathi Lund re: NMT with attachment [ATK040431-0433] |
| IG | Will Offer | | | 2000/12/11 Email with attachment to S. Smith and R. Wisian from A. Parrish re: National Metal Technologies, Inc. [ATK090235-0238] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| IH | Will Offer | | | 2000/12/12 Email between D. Stephens, R. Wisian, S. Farley, B. Penn, D. Dimitroff, D. Delaney, S. Neubauer, G. Wittmer and J. Lundgren re: Raw Data Results from Testing of 25mm Link Assembly Hardness Testing [ATK021426-021434] |
| II | Will Offer | | | 2000/12/12 Email to B. Paris, D. Stephens from D. Dimitroff re: 25mm Links [ATK011548-011562] |
| IJ | Will Offer | | | 2000/12/12 Email to R. Wisian, S. Farley, B. Penn, D. Dimitroff, D. Delaney, J. Yeakley, G. Wittmer, J. Lundgren re: Raw Data, 25mm Link Ass'y Hardness Testing [ATK021426-1434] |
| IK | Will Offer | | | 2000/12/13 Memorandum to K. Burton from D. Crites re: Trip to NMT [ATK030784-85] |
| IL | Will Offer | | | 2000/12/14 Email to S. Neubauer and D. Dimitroff from B. Noon re: NMT Links [ATK021747] |
| IM | Will Offer | | | 2000/12/14 Email to D. Delaney, S. Dilley, D. Dimitroff, B. Penn, J. Reynolds, S. Smith, R. Wisian, A. Parrish, D. Crites, M. Dooley and Steve Farley from S. Neubauer re: Link and Case Action Plans [ATK021386-1388] |
| IN | Will Offer | | | 2000/12/15 Email to R. Wisian, Steve Neubauer and Ben Penn from D. Crites re: NMT [ATK021853] |
| IO | Will Offer | | | 2000/12/15 Fax from E. Hetzel to K. Aul and L. Murphy with attached Email re NMT Addendum to SCAR 00-15 Response and attached Response to Primex Facsimile LM 00-296 [000332-000341] |

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| IP | Will Offer | | | 2000/12/18 Email chain between S. Neubauer and B. Noon re: Links [ATK021275-1276] |
| IQ | May Offer | | | 2000/12/19 Email chain including D. Stevens, D. Dimitroff, D. Delaney, S. Neubauer, B. Noon, J. Reynolds, S. Farley with attachment re: Sample Size for Link Hardness Testing of Lots 64 and 65 [ATK021317-1330] |
| IR | May Offer | | | 2000/12/20 Email to J. Yeakley from B. Noon re: Turkey Links [ATK011061] |
| IS | May Offer | | | 2000/12/21 Email to D. Stephens, S. Neubauer, K. Sarkela, A. Parrish and B. Noon from D. Dimitroff re: Conference Call with NMT on Correction of Hardness Test Data [ATK070289] |
| IT | Will Offer | | | 2000/12/21 Fax to J. Tardiff from G. Hawks re: Lot 67 links [ATK011918] |
| IU | Will Offer | | | 2000/12/21 Material Action Record on Turkey M28 links [ATK011912-914] |
| IV | Will Offer | | | 2000/12/21 Email to D. Stephens from A. Parrish re: Lot 70 M28 links [ATK021281] |
| IW | Will Offer | | | 2000/12/22 Email to J. Crosby from B. Noon re: release of Turkey links [ATK030707-08] |
| IX | Will Offer | | | 2000/12/22 Email to S. Neubauer, D. Delaney, S. Dailey, B. Penn, J. Reynolds, S. Smith, R. Wisian, A. Parrish, D. Crites, M. Dooley, S. Farley from D. Dimitroff re: Test Plan to Assess Functionality of M28 Links and Pivots with Below Spec Hardness with attached test plan [ATK011048-49] |
| IY | Will Offer | | | 2000/12/27 Email J. Farley and B. Noon from M. Dooley re: Urgent situation with NMT invoices [ATK022148] |

| NO. | MAY OFFER WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| IZ | Will Offer | | | 2000/12/27 Emails between B. Noon to L. Smith, D. Crites, M. Dooley, K. Holiday and D. Williams re: NMT [ATK022149-2150] |
| JA | Will Offer | | | 2000/12/27 Email to J. Wilson from A. Parrish re: "Soft" Link Functional Acceptability Test Plan for Approval [NMT000865-0866] |
| JB | Will Offer | | | 2000/12/29 Emails between A. Parrish, D. Dimitroff, S. Neubauer, B. Penn, S. Farley, S. Smith and D. Lashbaugh re: Soft link tests [ATK090315-0316] |
| JC | Will Offer | | | 2001/01/02 Email chain including S. Neubauer, D. Dimitroff and ATK personnel discussing soft link test plan Telecon [ATK090322-0323] |
| JD | May Offer | | | 2001/01/03 Email to M. Dooley from D. Crites stating that ATK will not place a second year order with NMT [ATK030852] |
| JE | May Offer | | | 2001/01/04 Email to K. Gravatt from E. Hetzel re NMT M28 Link Production [000331] |
| JF | Will Offer | | | 2001/01/05 Email to S. Smith from A. Parrish With attachment re: M28 Link Issue Summary [ATK090341-0346] |
| JG | Will Offer | | | 2001/01/06 M28 Certificate of Conformance [NMT000743-0835] |
| JH | Will Offer | | | 2001/01/07 Memo to D. Dimitroff from D. Stephens re: NMT Trip Report [ATK090334-0337] |
| JI | Will Offer | | | 2001/01/09 M9 Certificate of Conformance & ATK Receiving Inspection Report [ATK041726] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| JJ | May Offer | | | 2001/01/11 Email with attachment to D. Delaney from D. Dimitroff re: Corrective Action for Link MAR [ATK011216-1217] |
| JK | May Offer | | | 2001/01/11 Email to J. Tardiff from D. Dimitroff re: Status of Waiver for M28 Link Lots [NMT000236] |
| JL | Will Offer | | | 2001/01/12 Email to L. Douma, S. Neubauer, D. Delaney, J. Reynolds, J. Balconi, B. Boone, M. Erickson, G. Holm, J. Yeakley, G. Filo and T. Jones from B. George with attachment re: Rock Island Soft Link Test [ATK090332-0333] |
| JM | Will Offer | | | 2001/01/12 Email to J. Wilson, S. Farley, D. Dimitroff and S. Neubauer from D. Stephens with attachment re: Summary of Hardness Test Investigation [ATK090329-0331] |
| JN | Will Offer | | | 2001/01/12 Memorandum to D. Dimitroff from D. Stephens re: Test Results of NMT's M28 Links [ATK030590-0593] |
| JO | Will Offer | | | 2001/01/12 Email to J. Wilson from J. Krawczyk re: M9 Receiving Inspection/M13 First Article Acceptance [NMT008717] |
| JP | May Offer | | | 2001/01/14 Email to R. Wisian, B. Penn, D. Dimitroff, A. Parrish, S. Smith, S. Farley from S. Neubauer with attachment re: Link Presentation [ATK090198-0212] |
| JQ | May Offer | | | 2001/01/16 Email to D. Dimitroff, D. Delaney, and S. Neubauer from D. Stephens re: Link Presentation (1-17-01).ppt [ATK010942-0943] |
| JR | May Offer | | | 2001/01/18 Email to J. Yeakley, S. Neubauer, and D. Dimitroff from B. Noon re: 25MM M28 Links for Turkey Commercial Contract [ATK010928-0930] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| JS | Will Offer | | | 2001/01/19 Email to B. Noon from J. Yeakley re: NMT Link investigation [ATK021547] |
| JT | Will Offer | | | 2001/01/19 Email to S. Neubauer, C. Nelson and B. Noon from J. Yeakley re: Link Test Changes [ATK010924] |
| JU | May Offer | | | 2001/01/19 Email to V. Gunelson from B. Noon re: NMT Payment, P.O. T10365 [ATK011775] |
| JV | May Offer | | | 2001/01/22 Facsimile to J. Tardiff from G. Hawks re: Confirmation of last Friday's telecon [ATK011895] |
| JW | Will Offer | | | 2001/01/23 Email to S. Dilley and S. Neubauer from D. Dimitroff and attachment re: Revised Scope of Work for OSC Testing of NMT Lot 068 M-28 Links [ATK010011-0034] |
| JX | May Offer | | | 2001/01/23 Email to K. Holiday from J. Krawczyk re: TeleConference 01/22/01 1400 PST NMT / Lake City / New Brighton [ATK040502-0503] |
| JY | May Offer | | | 2001/01/25 Facsimile Cover Sheet to J. Tardiff from G. Hawks re: T10365 [ATK011899] |
| JZ | Will Offer | | | 2001/02/01 Letter to B. Crawford re: discussions of the status of links manufacturing at NMT [NMT000271-0273] |
| KA | Will Offer | | | 2001/02/05 Email to R. Wisian, K. Burton, J. Schaub and B. Penn from D. Crites re: NMT Closing [ATK 100089-0094] |
| KB | May Offer | | | 2001/02/08 Email to A. Parrish, S. Farley, B. Penn, R. Wisian, S. Smith and M. Dooley from D. Crites re: NMT reborn [ATK090367] |

LAI-2155922v2

44

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------------------------|-------------|---------------|-------------|
| KC | Will Offer | | | 2001/02/20  Letter to B. Grivas from L. Smith re:  Termination with of Cause Notice NMT Default of Purchase Order No. LC001 [ATK070484-0485] |
| KD | May Offer | | | 2001/02/21  Email to S. Farley from M. Lodge  re: Gages [ATK030929] |
| KE | May Offer | | | 2001/02/26  Email to C. Frost from S. Farley  re:  Corrective Actions from NMT [ATK090378] |
| KF | May Offer | | | 2001/03/19  M28 Ballistic Acceptance Report [ATK091006-1012] |
| KG | Will Offer | | | 2001/03/21  Letter and enclosures to J. Munson from R. Loewenstein , the Commander of the U.S. Army OSC re: Test Reports for Lots 66 and 68 of Ammunition Links [NMT000275-0291] |
| KH | Will Offer | | | 2001/03/21  OSC's Test Report on Lots 66 and 68 [ATK030570 – 586] |
| KI | Will Offer | | | 2001/03/28  Letter to J. Wilson from L. Murphy re: Termination of the Purchase Orders 62076, 62716, and 62216 [002368] |
| KJ | Will Offer | | | 2001/04/01  Raw Material Lots Received/Rejected/Accepted Report [ATK110068-0079] |
| KK | Will Offer | | | 2001/04/02  M13 Lots Received/Rejected Report [ATK041761-1762] |
| KL | Will Offer | | | 2001/04/02  M27 Lots Received/Rejected Report [ATK041727-1729] |
| KM | Will Offer | | | 2001/04/02  Raw Material Lots Received Report from 04/01/2000 to 04/02/2001 [ATK110068-0079] |

LAI-2155922v2

45

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|-----|-----|-----|-----|
| KN | May Offer | | | 2001/04/03  Submission to U.S. Attorney [NMT000919-0923] |
| KO | Will Offer | | | 2001/05/07  Letter to J. Wilson from L. Smith re:  Termination for Default Notice - NMT Default of Purchase Order No. LC001 for M27, M13, and M9 Links [ATK050111-0112] |
| KP | May Offer | | | 2001/05/07  M28 Ballistic Acceptance Report [ATK090908-090911] |
| KQ | May Offer | | | 2001/05/23  Letter re NMT reaching agreement to sell segments of its manufacturing business and assets to Comtel Holdings Inc. [001945-001946] |
| KR | Will Offer | | | 2001/05/30  Letter to M. DeYoung from M. Haldeman of the Department of the Army re:  ATK email, DeYoung to Kwinski/Russel dated 24 May, 2001, subject: Links Status [ATK040019-0021] |
| KS | May Offer | | | 2001/07/10  Email to B. Penn, D. Crites, D. Delaney and S. Smith from S. Neubauer and attachments re:  Lot 068 Links [ATK090473-0476] |
| KT | May Offer | | | 2001/07/11  Email to S. Smith, B. Penn, D. Crites, D. Dimitroff, D. Delaney, R. Wisian from S. Neubauer re:  Use of the Remainder of Lot 68 [ATK090482-0483] |
| KU | May Offer | | | 2001/07/11  Email to D. Day from K.. Sarkela re:  Use of the Remainder of Lot 68 [ATK011093-1095] |
| KV | May Offer | | | 2001/07/11  Email to K. Sarkela from J. Ledbetter re:  Use of the remainder of Lot 68 [ATK011121-1126] |

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| KW | Will Offer | | | 2001/07/12  Email attachment to D. Crites from B. Noon re:  Use of the Remainder of Lot 68 [ATK011117-1120] |
| KX | May Offer | | | 2001/07/16  Email to Ken Sarkela, James D. Munson, 'JLedbett@NCIS.NAVY.MIL', K. Adlfinger, D. Mohr, D. Schmidt, A. Clark, from B. re: Rescission of 12 July 2001 Inspection Guidance Pertaining to NMT's M28 Link Lot NMT00J005-068 [ATK100310-0312] |
| KY | May Offer | | | 2001/07/19  Fax to D. Vande Voorde from K.R. Gravatt re:  General Dynamics Purchase Order 62527, Revision I [001990-1991] |
| KZ | Will Offer | | | 2001/07/20  Email to S. Neubauer and R. Wisian from D. Delaney re:  Lot 068 M28 Links [ATK090503] |
| LA | May Offer | | | 2001/08/09  Letter to V. Harris from M. Johnson re:  Government-Owned Equipment from NMT [002431] |
| LB | May Offer | | | 2001/08/16  Email to P. Miller, R. Shadley, R. Wilson and N. Vlahakis from W. McManus re:  Small and Med Cal Link [002345-2346] |
| LC | Will Offer | | | 2001/08/17  Email to R. Shadley, N. Vlahakis and M. Wilson from W. McManus re:  NMT and Future Events [001911-001912] |
| LD | Will Offer | | | 2001/08/21  Email to W. McManus from M. Wilson re:  NMT and Future Events [001910] |
| LE | Will Offer | | | 2001/09/06  Fax to J. Hudkins from E. Hetzel with attached list of Events concerning NMT and Lot NMT00J005-068 [001955-001960] |

LAI-2155922v2

47

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| LF | May Offer | | | 2001/10/11 Letter to P. Huber from J. Price, Jr. re: facts of various link activities by General Dynamics and support of delivery of product [002352-002354] |
| LG | Will Offer | | | 2002/06/11 Email to D. Crites from M. Dooley and attachment re: NMT Document [ATK100499-0504] |
| LH | Will Offer | | | 2003/05/14 Videotaped Sworn Statement of Kenneth Whiteberg [ATK240001-0213] |
| LI | Will Offer | | | 2003/06/03 Videotaped Sworn Statement of James Biddlecom [ATK241600-1654] |
| LJ | May Offer | | | 2004/03/10 Declaration of James D. Munson in Support of Defendants' Motion for Summary Judgment |
| LK | May Offer | | | 2004/03/18 Declaration of William Melton in Support of Defendants' Motion for Summary Judgment |
| LL | May Offer | | | 2004/03/25 Declaration of Kent Holiday in Support of Defendants' Motion for Summary Judgment |
| LM | May Offer | | | 2004/03/25 Declaration of Patricia Huber in Support of Defendants' Motion for Summary Judgment |
| LN | May Offer | | | 2004/09/21 "Skip Lot" Inspection of Selected Raw Material Items [ATK290327-9030] |
| LO | Will Offer | | | [Undated] 10-Year Manufacturing Program Between Alliant and NMT [ATK040681] |
| LP | Will Offer | | | [Undated] Compilation of per unit price for 1999, 2000, 2001 [ATK041017-1020] |
| LQ | May Offer | | | [Undated] NMT's Outstanding Invoices and Actual Receipts and Payments for 2000-2001 [ATK030930-0931] |

| NO. | MAY OFFER/WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| LR | May Offer | | | [Undated] Pages from the general ledger [NMT027422-7424] |
| LS | May Offer | | | [Undated] Spreadsheet re: Breakdown of Purchase Order/Check/Invoice for DN0084-Links [ATK100351] |
| LT | May Offer | | | [Undated] Spreadsheet re: Breakdown of Purchase Order/Check/Invoice for DN0091-Channel Edge Guards [ATK100352] |
| LU | May Offer | | | [Undated] Spreadsheet re: Breakdown of Purchase Order/Check/Invoice for DN0092-30mm Ammo Strips [ATK100353] |
| LV | May Offer | | | [Undated] Spreadsheet re: Miscellaneous Bills & Summary of Purchase Order by Quantity Received vs. Quantity Ordered Paid For [ATK100355] |
| LW | May Offer | | | 1999/08/27 Agenda for NMT Meeting [ATK011344] |
| LX | May Offer | | | 1999/08/27 ATK Meeting Invitation [ATK011343] |
| LY | Will Offer | | | 1999/08/27 Email message to B. Noon, G. Hawks, G. Holm, L. Brown, M. McCann, D. Crites, M. Dooley, G. Martin, J. Schaub, K. Holiday, and L. Olson from R. Hoops re: Meeting with NMT Visit [ATK011342] |
| LZ | Will Offer | | | 1999/08/27 Special Presentation for ATK [ATK010172-0209] |
| MA | Will Offer | | | 1999/09/20 Fax to M. Dooley from J. Tardiff re: (BAFO) FOR M28 Links Multi-Year [NMT000025-0028] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| MB | Will Offer | | | 1999/09/22  Letter to J. Tardiff from M. Dooley re:  letter contract for procurement from NMT to support the Multi-Year Medium Caliber Ammunition requirements [NMT000029] |
| MC | May Offer | | | 1999/10/14  Email chain between M. Dooley, J. Weinmann, and G. Hawks [ATK011740-1742] |
| MD | Will Offer | | | 1999/11/01  Fax to J. Tardiff from ATK re:  purchase order along with quality purchase description, terms and conditions, and Y2K certification [NMT022696-2738] |
| ME | Will Offer | | | 1999/11/05  Letter to J. Tardiff from R. Hoops re: Request for a Quotation [ATK000098] |
| MF | Will Offer | | | 1999/11/15  Email message to J. Tardiff from R. Hoops re: Preliminary "Should Cost" Targets [ATK031191] |
| MG | Will Offer | | | 1999/11/24  Letter to R. Hoops from J. Tardiff re:  ATK Lake City Multi Year Quote [ATK021975-1976] |
| MH | Will Offer | | | 1999/11/26  Email to C. Wittman from R. Hoops re:  Lake City Quotation [ATK040723-0724] |
| MI | Will Offer | | | 1999/12/17  Letter to Those Listed from R. Hoops re:  Purchase Order Approval - Lake City [ATK040650-0651] |
| MJ | May Offer | | | 1999/12/29  Email to R. Hoops from S. Kienzle re: Multi-Year Contract for LCAAP Links [ATK031192] |
| MK | May Offer | | | 2000/00/00  NMT's 2000 Annual Report [ATK021558-1617] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| ML | Will Offer | | | 2000/01/27 Letter Agreement to D. Crites from J. Tardiff re: Credit Line for Bill and Hold Requirements [ATK100082] |
| MM | Will Offer | | | 2000/02/01 Letter to J. Tardiff from L. Alperson re: ATK Purchase Guarantee [ATK031109] |
| MN | Will Offer | | | 2000/02/02 Forged Letter to L. Alperson from R. Hoops re: ATK Purchase Guarantee for Purchase Orders Nos. 3506, 3505, and 3515 [RS000066] |
| MO | Will Offer | | | 2000/02/02 Letter to L. Alperson from R. Hoops re: ATK Purchase Guarantee for Purchase Order Nos. 3505, 3506 and 3515 [ATK031108] |
| MP | May Offer | | | 2000/02/07 Letter to L. Alperson from R. Hoops re: Notification of DPAS Rated Order [ATK040878] |
| MQ | May Offer | | | 2000/04/27 Email re Contract Increases MD0084, MD0092, MD0091 [NMT 00895] |
| MR | May Offer | | | 2000/06/28 Letter to G. Hawks from M. McCarthy re: Inquiry No. T10365 [ATK011853] |
| MS | May Offer | | | 2000/06/29 Email to M. Dooley from B. Noon re: LW30 Ammo Strip Order for the Second Year of the Multi-Year [ATK022155] |
| MT | Will Offer | | | 2000/08/21 Letter to L. Alperson from G. Hawks guaranteeing purchase of M28 Steel (RS000053) |
| MU | Will Offer | | | 2000/08/28 Fax to L. Alperson and G. Bienfield from J. Finkbiner re: Attached Purchase Guarantee [ATK031111] |

LAI-2155922v2

51

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAX OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| MV | Will Offer | | | 2000/08/28  Letter to L. Alperson from K. Holiday re: Alliant LCSCAC LLC Purchase Guarantee [ATK031110] |
| MW | Will Offer | | | 2000/08/28  Letter to D. Crites from M. McCarthy re:  1050 Steel Market Requirements - M28 Link [NMT016175] |
| MX | May Offer | | | 2000/08/30  Email to J. Wilson from M. Dooley re: AmmoStrip P/N 12902719, Rev.F [NMT000878] |
| MY | Will Offer | | | 2000/09/26  Letter to J. Tardiff from L. Alperson re:  ATK/Primex [RS000050-0051] |
| MZ | May Offer | | | 2000/09/28  Letter to S. Bartle from J. Tardiff re:  M27/M13 Production Purchase Order # 9588 [NMT012398] |
| NA | Will Offer | | | 2000/10/06  Letter to J. Tardiff from L. Alperson re:  Material Status on Link Material [RS000049] |
| NB | Will Offer | | | 2000/10/19  Fax to L. Alperson from P. Moore re:  Language for Link Line Material Purchased from Rolled Steel Products [RS000046-0047] |
| NC | Will Offer | | | 2000/10/27  Letter to NMT from L. Alperson re:  Material Status on Link Material [RS000044] |
| ND | Will Offer | | | 2000/11/08  Letter to NMT from L. Alperson re:  Material Status on Link Material [RS000043] |
| NE | Will Offer | | | 2000/11/10  Fax Cover Sheet to K. Holiday from J. Tardiff re: Steel Guarantee [ATK031106] |

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| NF | Will Offer | | | 2000/11/10  Fax to K. Holiday from J. Tardiff re:  attached draft language for link material purchased from Rolled Steel Products [ATK050017-050019] |
| NG | Will Offer | | | 2000/11/10  Draft Language for Link Material purchased from Rolled Steel Products [ATK031107] |
| NH | Will Offer | | | 2000/11/14  Fax to L. Smith from L. Alperson re:  Material Status on Link Material [ATK040887-0888] |
| NI | May Offer | | | 2000/11/14  L. Smith's Handwritten Notes [ATK040889] |
| NJ | May Offer | | | 2000/11/22  Email to D. Crites and M. Dooley from B. Noon re:  NMT Invoice Payment [ATK100177] |
| NK | Will Offer | | | 2000/11/28  Letter to P. Moore from L. Alperson re:  need response to requirement that NMT's customers secure the link material ordered by Rolled Steel Products [RS000037-0041] |
| NL | May Offer | | | 2000/11/29  Email to M. DeYoung and L. Smith from J. Finkbiner re:  Link Update [ATK042216] |
| NM | Will Offer | | | 2000/12/01  NMT's Press Release re:  NMT Adds New Customer and Expands Services to Key Current Customers |
| NN | Will Offer | | | 2000/12/14  Letter to B. Grivas from K. Holiday re:  ATK's possible interest in the acquisition of NMT [ATK042126] |
| NO | Will Offer | | | 2000/12/17  Memo to K. Holiday from P. Moore re:  Transaction Discussion Summary [ATK042119-2121] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| NP | Will Offer | | | 2000/12/27 Memo to K. Holiday from B. Grivas re: Link Cost Data [ATK042137-2142] |
| NQ | Will Offer | | | 2001/01/04 Letter to L. Smith from L. Alperson re: Material Status against Alliant LSCCAC Purchase Guarantee [RS000033-0034] |
| NR | May Offer | | | 2001/01/11 Email to D. Crites from M. Dooley re: NMT Channel Edge Guards [ATK100243] |
| NS | May Offer | | | 2001/01/19 Email to B. Grivas from B. Noon re: Payment Against NMT P.O. T10365 [ATK021546] |
| NT | Will Offer | | | 2001/01/20 Email to J. Krawczyk from J. Wilson re: TeleConference 01/22/01 1400 PST NMT/Lake City/New Brighton [NMT000855] |
| NU | May Offer | | | 2001/01/21 Email to V. Gunelson from B. Noon re: payment to NMT on T10385 [ATK011916-917] |
| NV | Will Offer | | | 2001/01/23 Letter to J. Tardiff from L. Smith re: Rolled Steel Products' Letter dated January 24, 2001 and ATK's Purchase Guarantee dated August 28, 2000 [ATK041198] |
| NW | Will Offer | | | 2001/01/25 Fax to L. Alperson from L. Moline re: NMT purchased material [RS000029-0032] |
| NX | Will Offer | | | 2001/01/31 Letter to D. Crites from P. Moore re: NMT's request for immediate payment on Lot 68 shipments [ATK031423] |
| NY | Will Offer | | | 2001/02/01 Fax Cover Sheet to J. Tardiff From L. Alperson with attached letter re: ATK Purchases Guarantee for Purchase Order Nos. 3505, 3506, and 3515 [RS000067-0068] |

| NO. | MAY OFFER WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| NZ | Will Offer | | | 2001/02/01  Letter to P. Moore from D. Crites re:  NMT letter dated January 31, 2001<br>[ATK100138] |
| OA | May Offer | | | 2001/02/17  Fax cover sheet to K. Holiday from B. Grivas attaching excerpts from Safety Components International, Inc. Form 10Q and information on investment banking<br>[ATK042118] |
| OB | Will Offer | | | 2001/02/20  Letter to L. Smith from L. Alperson re:  Inventory Update on Small Caliber Link Material<br>[RS000028] |
| OC | Will Offer | | | 2001/02/28  Letter to B. Grivas from K. Holiday re: ATK's serious interest in re-establishing the ability of NMT to make links or to purchase NMT's link equipment/assets<br>[ATK042127] |
| OD | Will Offer | | | 2001/03/22  Letter to L. Smith from L. Alperson re: Disposition of Small Caliber Link Material<br>[RS000027] |
| OE | Will Offer | | | 2001/03/23  Letter to P. Miller from P. Moore re:  immediate demand for payment of all amounts owed by ATK<br>[ATK011275-1276] |
| OF | Will Offer | | | 2001/03/23  Letter to P. Moore from D. Crites re:  ATK's Notification of Termination of Purchase Order No. DN0164<br>[ATK031247] |
| OG | Will Offer | | | 2001/03/26  Letter to P. Moore from D. Crites re:  ATK Purchase Order DN 0155<br>[ATK100140] |
| OH | Will Offer | | | 2001/03/26  Letter to D. Crites from P. Moore re: NMT's default under purchase orders<br>[ATK030795-96] |

LAI-2155922v2

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| OI | Will Offer | | | 2001/03/26 Letter to P. Moore from D. Crites re: ATK's Notification of Termination of Purchase Order No. DN0164 [ATK031245] |
| OJ | Will Offer | | | 2001/03/29 Letter to P. Moore from D. Crites re: NMT letter from Patrick W. Moore, dated March 26, 2001 [ATK100134-0135] |
| OK | Will Offer | | | 2001/04/10 Letter to P. Moore from N. Vlahakis re: NMT letter dated March 23, 2001 [NMT000297-0029] |
| OL | Will Offer | | | 2001/05/07 Letter to J. Wilson from L. Smith re: Termination for Default Notice [ATK050066-0067] |
| OM | Will Offer | | | 2001/05/09 Letter to N. Vlahakis from P. Moore re: Response to ATK's letter of April 10, 2001 [ATK152305-2306] |
| ON | Will Offer | | | 2001/05/11 Letter to L. Smith from P. Moore re: NMT's response to ATK's letter to John Wilson, dated May 7, 2001 [NMT000304] |
| OO | May Offer | | | 2001/06/14 Email to R. Wisian and B. Penn from D. Crites re: NMT [ATK110142] |
| OP | May Offer | | | 2001/07/12 Letter to B. Grivas from D. Crites re: Lot 068 Medium Caliber Links, Part number 12013213 Rev. K [ATK090488] |
| OQ | May Offer | | | 2001/07/17 Email to M. DeYoung from M. McCann re: NMT [ATK011270] |
| OR | Will Offer | | | 2001/07/30 NMT Cost Analysis and Related Charts [ATK220576-220585] |

| NO. | MAY OFFER/WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|---------------------|-------------|---------------|-------------|
| OS | May Offer | | | 2001/07/31  Email to J. McCusker, J. Schaub, and B. Noon from M. McCann re: NMT [ATK011146] |
| OT | May Offer | | | 2001/08/06  Email to S. Neubauer from D. Mohr re: NMT Trip [ATK011147] |
| OU | Will Offer | | | 2001/08/13  NMT Trip Report [ATK030814-0815] |
| OV | Will Offer | | | 2001/08/15  Letter to Major General W. McManus Jr. from P. Moore re:  links production fiasco [ATK030564-0566] |
| OW | Will Offer | | | 2001/08/20  Email to J. Munson from S. Dilley re: FW; NMT [ATK022103-2104] |
| OX | May Offer | | | 2001/08/23  Email to K. Holiday from B. Noon re:  Auction of Link Equipment/Tooling [ATK011152-1153] |
| OY | May Offer | | | 2001/08/23  Email and attachment to M. DeYoung, D. Moeschl, and K. Holiday from R. Bitz re:  NMT Media Talking Points [ATK241526-1528] |
| OZ | May Offer | | | 2001/12/18  Email to J. Bourdlais, B. Webb, S. Beck, M. Zacha, and K. Cox from E. Boston re:  NMT Spare Feeder Bowl [ATK041157] |
| PA | May Offer | | | 2002/06/13  Email and attachment to D. Crites from G. Kast re:  NMT Checks.xls [ATK100480-0482] |
| PB | Will Offer | | | 2000/01/25  Letter to M. Morcos from R. Hoops re:  contingency planning with respect to M27 and M13 small caliber links [ATK040961-0963] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| PC | Will Offer | | | 2000/03/15 Letter to J. Finkbiner from S. Bartle re: Release A02548 for M27 Links [ATK270047] |
| PD | Will Offer | | | 2000/11/17 Letter to J. Finkbiner from S. Bartle re: follow-up to meeting with B. Webb on November 16, 2000 [ATK060036-0037] |
| PE | May Offer | | | 2001/02/07 Safety Components International Links Transfer Plan to Lake City [ATK201605-1626] |
| PF | Will Offer | | | 2001/03/05 Facilities Use Agreement between ATK and Valentec [ATK050495-0585] |
| PG | May Offer | | | 2001/03/28 Email and attachment to E. Shepherd, B. Webb, D. White, and M. DeYoung from K. Holiday re: Valentec Links Transition.ppt [ATK221033-1041] |
| PH | May Offer | | | 2001/03/28 Email to S. Farley and S. Smith from D. Crites re: Valentec Visit [ATK090388-0390] |
| PI | Will Offer | | | 2001/04/09 Executed Requirements Contract between ATK and Valentec [ATK060701-0745] |
| PJ | May Offer | | | 2001/05/01 Email to 'Russellr@osc.army.mil' from M. DeYoung re: 5.56MM M27 Link First Article [ATK221015] |
| PK | Will Offer | | | 2001/06/07 Email and attachment to S. Beck, M. DeYoung, J. Finkbiner, R. Fowler, T. Hermann, K. Holiday, J. Krawczyk, M. Lodge, F. Simpson, J. Taylor, B. Webb, M. Zacha, and R. Zellerr from E. Shepard re: Links Update for July 6, 2001 [ATK220776-0780] |

LAI-2155922v2

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| PL | Will Offer | | | 2001/06/20 Letter to M. Haldeman from M. DeYoung re: Supply Contact DAAA09-99-D-0016; Links Status [ATK060080-0081] |
| PM | May Offer | | | 2001/06/26 Email and attachment to B. Simmons, B. Volkers, R. Alberto, S. Beck, M. DeYoung, R. Fowler, T. Herman, K. Holiday, J. Krawczyk, M. Lodge, F. Simpson, J. Taylor, B. Webb, M. Zacha, R. Zeller, E. Shepherd, and L. Smith from J. Finkbiner re: Links Update [ATK220839-0842] |
| PN | May Offer | | | 2001/06/28 Email to wlglv@aol.com from D. Crites re: M28 Links [ATK090466] |
| PO | Will Offer | | | 2001/07/02 Letter to B. Menezes from J. Finkbiner re: Past Due Link Deliveries for Purchase Orders C01321, C02353, and C02355 [ATK060130-0131] |
| PP | Will Offer | | | 2001/07/03 Links Status Report [ATK220804-0806] |
| PQ | May Offer | | | 2001/07/04 Valentec Trip Report [ATK090491-0492] |
| PR | May Offer | | | 2001/07/08 Email to M. DeYoung, B. Webb, and E. Shepherd from K. Holiday re: Valentec Situation [ATK220772-0773] |
| PS | Will Offer | | | 2001/07/08 Email message to R. Alberto and 'Russellr@osc.army.mil' from M. DeYoung re: Lake City Links [ATK060024] |
| PT | May Offer | | | 2001/07/09 Links for Lake City Summary [ATK220768] |
| PU | Will Offer | | | 2001/07/10 Email message to J. Tibbets, B. Crawford, R. Alberto, and 'Russellr@osc.army.mil' from M. DeYoung re: Valentec Wells Links Issue [ATK220738] |

LAI-2155922v2

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|---------|-------------|---------------|-------------|
| PV | Will Offer | | | 2001/07/12 Email to B. Webb from J. Krawczyk re: Valentec Links [ATK200925-0927] |
| PW | May Offer | | | 2001/07/18 Email and attachments to M. Lodge, T. Herman, K. Holiday, B. Webb, E. Shepard, J. Finkbiner, K. Harshner, J. Hall, and J. Krawczyk from Kathy Hunter re: Valentec Links [ATK220683-0695] |
| PX | Will Offer | | | 2001/07/19 Memo to M. DeYoung from E. Shepherd re: History of Ammunition Links Project [ATK200898-200907] |
| PY | Will Offer | | | 2001/08/01 Facility Use Agreement Between ATK Small Caliber Ammunition Company LLC and Valentec Wells, LLC, Addendum 1 to Exhibit D [ATK060699] |
| PZ | Will Offer | | | 2001/08/02 Email message to S. Neubauer from B. Noon re: Links [ATK021796] |
| QA | Will Offer | | | 2001/08/20 Email to K. Holiday from J. Finkbiner re: NMT [ATK041242] |
| QB | May Offer | | | 2001/08/27 Links Plan [ATK220439] |
| QC | May Offer | | | [Undated] Alliant Lake City Small Caliber Ammunition Statistical Process Control Draft Detail Plan [ATK221211-1246] |
| QD | Will Offer | | | [Undated] Links Action Item List, including talking points for the briefing to General McManus and Links Production Schedules [ATK221250-1285] |
| QE | May Offer | | | [Undated] NMT and Valentec Analysis Charts [ATK200869-0874] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|---------------------|-------------|---------------|-------------|
| QF | May Offer | | | [Undated]  PowerPoint presentation re: Status of Munitions Base [ATK162515-2523] |
| QG | Will Offer | | | 2001/07/19  Letter to M. DeYoung from B. Menzes re: Contract Relief [ATK060697-0698] |
| QH | May Offer | | | 2001/07/20  ATK Lake City Small Caliber Ammunition Valentec Links Acquistion [ATK060173-0180] |
| QI | May Offer | | | 2001/07/23  Agenda for Meeting [ATK110124-0127] |
| QJ | May Offer | | | 2001/07/23  Email message and attachment to D. Crites, M. DeYoung, K. Holiday, M. McCann, S. Neubauer, B. Penn, E. Shepherd, J. Tibbets, and R. Wisian from Bruce Webb re:  Valentec Links Assessment Rev 2 2001_07_22 (with MCA update).ppt [ATK220639-0658] |
| QK | Will Offer | | | 2001/07/23  Valentec Lake City Links Recovery Requirements Plan [ATK200736-0762] |
| QL | Will Offer | | | 2001/07/23  Valentec Wells Link Production Assessment [ATK 110165-0184] |
| QM | May Offer | | | 2001/07/23  Email and attachment to D. Crites, M. DeYoung, K. Holiday, M. McCann, S. Neubauer, B. Penn, E. Shepherd, J. Tibbets, R. Wisian; re: Series of documents discussing risk and opportunities and analysis of links including NMT purchase [ATK220628-0639] |
| QN | May Offer | | | 2001/07/24  Email to R. Higbee from G. Pain re:  Valentec Wells [002123] |
| QO | May Offer | | | 2001/07/30  Email to M. DeYoung, E. Shepard, and K. Holiday from B. Webb re:  Links and Meeting with IMI at Mpls [ATK220586-0587] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| QP | Will Offer | | | 2001/07/30 Letter to B. Menezes from K. Holiday re: ATK's interest in pursuing a possible acquisition of the assets of Safety Components International's links business [ATK060532] |
| QQ | May Offer | | | 2001/07/30 Letter to D. Borgeson from K. Holiday re: Facilities Contract DAAA09-99-E-0002; Proposal for ARMs Funding In Support of Valentech Wells [ATK201801] |
| QR | May Offer | | | 2001/08/01 ATK Lake City Small Caliber Ammunition Links - The Long-Term Solution [ATK220526-0533] |
| QS | Will Offer | | | 2001/08/06 Letter to M. DeYoung from B. Menezes re: Status of Valentec's Links Operations at Lake City [ATK060319-0320] |
| QT | May Offer | | | 2001/08/07 Letter to K. Holiday from B. Menezes re: Confidentiality Agreement [ATK050790-0794] |
| QU | May Offer | | | 2001/08/10 Agreement Between Alliant Lake City Small Caliber Ammunition Company and Valentec Wells [ATK050779-0781] |
| QV | May Offer | | | 2001/08/28 ATK Lake City Small Caliber Ammunition Valentec Link Acquisition [ATK202699-2736] |
| QW | May Offer | | | 2001/08/31 ATK Lake City Small Caliber Ammunition Valentec Links Acquisition [ATK280046-0057] |
| QX | May Offer | | | 2001/09/05 PowerPoint Presentation [ATK060001-0008] |
| QY | May Offer | | | 2001/09/07 Email to D. Crites, B. Noon, and S. Neubauer from K. Holiday re: M28 links delivery schedule [ATK022063] |

| NO. | MAY OFFER / WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| QZ | Will Offer | | | 2001/09/13  Handwritten Letter to J. Corey from Admiral P. Miller re: ATK's purchase of Valentec [ATK060434] |
| RA | Will Offer | | | 2001/09/13  Letter to Admiral P. Miller from J. Corey re: ATK's Purchase of Valentec [ATK060428] |
| RB | Will Offer | | | 2001/09/26  Handwritten Letter from Gen. McManus to N. Vlahakis re: Valentec Closing [ATK060429] |
| RC | May Offer | | | 2004/03/10  Declaration of Mike Wilson in Support of Defendants' Motion for Summary Judgment |
| RD | May Offer | | | 2004/03/11  Declaration of James Price in Support of Defendants' Motion for Summary Judgment |
| RE | Will Offer | | | 2004/06/05  Declaration Of Safety Components International, Inc.'s John C. Corey and accomp. exhibits |
| RF | Will Offer | | | Notice Of Document Discrepancies. (Supplemental Declaration Of Jason C. Murray In Support Defendants' Motion For Summary Judgment Or, In The Alternative, For Summary Adjudication Required A Court Order Before Filing; Accepted Nunc Pro Tunc) and accompanying exhibits |
| RG | May Offer | | | Documents relied upon by Drs. Gary J. Dorman and Robert Wunderlich [ATK280959-1401] |
| RH | May Offer | | | Declaration of Robert D. Tollison and Attached Exhibits |
| RI | May Offer | | | 50 Caliber M33 Ball Linked w/ M9 Award to Israel Military Industries |
| RJ | May Offer | | | [No Date]  Invoices from Info Tech to Freedman, Boyd, Daniels, et al., Attention: Joe Goldberg [NMT-7421 and unlabeled documents] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------|------|------|------|
| RK | May Offer | | | [Undated]  Shipping tags from steel suppliers to NMT [NMT011797-1854] |
| RL | May Offer | | | [Undated]  NMT's Combined Disclosure Statement and Plan of Reorganization |
| RM | May Offer | | | [Undated]  Pleadings filed in the NMT bankruptcy |
| RN | May Offer | | | [Undated]  Pleadings filed in Safety Components Bankruptcy |
| RO | May Offer | | | [Undated]  Declaration of Steven Farley |
| RP | May Offer | | | 1999/01/10  Letter to M. Morcos from P. Moore re:  NMT interest in purchasing Valentec [ATK040718] |
| RQ | May Offer | | | 1999/02/16  Photomatrix 1998 10Q Report for period ended December 31, 1998 [NMT005309-5391] |
| RR | May Offer | | | 1999/02/22  Memo to Board of Directors from P. Moore re:  Business Unit Status Reports [NMT004555-4594] |
| RS | May Offer | | | 1999/02/25  Letter to R. Hoops from S. Bartle re:  Alliant Request for Quote Inquiry No. RLH-L004 Valentec Quotation No. 021699-VWSC-12050 [ATK041008-1011] |
| RT | May Offer | | | 1999/03/02  Fax to ATK from G.G. Greene Enterprises re: Projected Pricing [ATK041001-1007] |
| RU | May Offer | | | 1999/04/00  NMT's Top Ten Customers List |
| RV | May Offer | | | 1999/06/08  Small Caliber and Facility Use Prime Contract [ATK290032-0326] |
| RW | May Offer | | | 1999/06/30  NMT 1999 10Q Report for period ended June 30, 1999 [NMT005492-5668] |

LAi-2155922v2

64

| NO. | MAY OFFER/WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| RX | May Offer | | | 1999/08/31 Medium Caliber Prime Contract [ATK290020-0031] |
| RY | May Offer | | | 1999/09/09 Photomatrix 1999 10K Report for period ended March 31, 1998 [NMT005309-5391] |
| RZ | May Offer | | | 1999/09/17 Email to G. Frye and D. Grauzr from J. Weinmann re: Valentec Settlement Agreement [ATK031165-1166] |
| SA | Will Offer | | | 1999/10/29 Email to J. Weinmann, K. Holiday, B. Noon, M. Dooley, and L. Brown from R. Hoops re: NMT [ATK021779-1780] |
| SB | Will Offer | | | 1999/11/01 Email to J. Weinmann, K. Holiday, D. Crites, B. Noon, M. Dooley, and L. Brown from R. Hoops re: Valentec Being Purchased by NMT [ATK100706-0707] |
| SC | May Offer | | | 1999/11/12 TCAAP Link Business Brief to Make/ Buy Board [ATK050740-0745] |
| SD | May Offer | | | 1999/11/15 United States General Accounting Office Opinion [NMT000005-0022] |
| SE | May Offer | | | 1999/12/01 ATK AFY01-03 Strategic Plan Summary [ATK210612-0653] |
| SF | May Offer | | | 1999/12/03 Memo re Status Updates from Pat Moore to Board of Directors [NMT004521] |
| SG | May Offer | | | 1999/12/13 ATK AFYO1-03 Strategic Plan [ATK210658-0666] |
| SH | May Offer | | | 1999/12/20 Letter to R. Hoops from S. Bartle re: LCAAP Award [ATK040964] |
| SI | May Offer | | | 2000/00/00 Excerpt from Reference Manual on Scientific Evidence |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| SJ | Will Offer | | | 2000/01/05 Release: National Manufacturing Technologies, Inc. Annouces $9 Million Contract Award [NMT004922-4923] |
| SK | May Offer | | | 2000/01/14 Memo re: Recent ATK Contracts [NMT004533A-4554A] |
| SL | May Offer | | | 2000/01/21 Memo to Distribution from P. Moore re: Confidential Acquisition Discussion [NMT001355] |
| SM | May Offer | | | 2000/02/14 Ammunitions Systems Company AFY01-03 Op Plan [ATK210588-0611] |
| SN | May Offer | | | 2000/02/16 Alliant Ammunitions Systems Company LLC AFY00-03 Strategic Plan Review [ATK210667-0675] |
| SO | May Offer | | | 2000/02/18 Email and attachment to M. McCann from R. Hoops re: Stamped Metal Products Overview [ATK020648-0653] |
| SP | May Offer | | | 2000/03/02 Email message to D. Crites from R. Hoops re: Valentec Bankruptcy [ATK100193] |
| SQ | May Offer | | | 2000/06/08 ATK Source Selection Checklist [ATK011851] |
| SR | Will Offer | | | 2000/06/08 Executed letter agreement between Valentec and NMT [NMT001356-1359] |
| SS | May Offer | | | 2000/06/16 Memo re Status of Potential Acquisition of Valentec from Pat Moore to Board of Directors [NMT004750-4761] |
| ST | Will Offer | | | 2000/07/24 Memo to M. Marcos from P. Moore re: Due Diligence Information enclosing handwritten marked-up document entitled "Initial Documents and Information Request" [NMT001373-1378] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------|------|------|-------------|
| SU | Will Offer | | | 2000/08/14  Letter to J. Corey from P. Moore re:  proposed offer to purchase between Valentec [NMT001369-1372] |
| SV | Will Offer | | | 2000/08/18  Letter to J. Corey from P. Moore re:  Rejection to the offer to purchase [NMT025393-5394] |
| SW | May Offer | | | 2000/08/23  Memo to J. Tardiff from M. Morcos re:  Questions Relating to Requirements in Connection with the M-13 and M-27 Links [NMT025405-025406] |
| SX | May Offer | | | 2000/09/12  Letter to J. Tardiff from S. re:  M27/M13 Production PO #9588 [NMT000160] |
| SY | May Offer | | | 2000/10/30  Email J. Finkbiner from R. Zeller re:  NCM-210xls [ATK040094] |
| SZ | May Offer | | | 2000/11/13  NMT's Form 10-QSB [NMT000466-0484] |
| TA | May Offer | | | 2000/11/14  ATK AFY '02-04 Strategic Plan Top [ATK210480-0498] |
| TB | May Offer | | | 2000/12/27  NMT Web Site |
| TC | May Offer | | | 2000/12/28  Memo to L. Jensen from P. Moore re:  tentative deal outline [NMT000514-0515] |
| TD | May Offer | | | 2001/00/00  NMT's 2001 Projected Top Ten Customers |
| TE | May Offer | | | 2001/01/08  Memo to L. Jensen from P. Moore re: Investment Analysis Info |
| TF | May Offer | | | 2001/02/10  Memo to G. Dell and W. Stabile from L. Jensen re:  Follow-up Questions |
| TG | May Offer | | | 2001/02/11  Memo to G. Dell and W. Stabile from L. Jensen re:  Follow-up SDE Questions [NMT005290-5293] |

LAI-2155922v2

67

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| TH | Will Offer | | | 2001/02/18  Non-Binding Letter of Intent between NMT and Comtel Holdings, Inc. re: Potential Stock Merger [NMT000264-0270] |
| TI | Will Offer | | | 2001/02/21  Letter to L. Jensen from P. Moore re: NMT's response to the February 16, 2001 Letter of Intent |
| TJ | May Offer | | | 2001/02/21  Memo to Maple Wood Partners Investment Committee from G. Dell, W. Stabile, and S. Sandler re: Comtel Holdings/Project SDE |
| TK | May Offer | | | 2001/03/01  ATK Conventional Munitions Group Operations Analysis Mar 2001 [ATK140674-0717] |
| TL | May Offer | | | 2001/03/02  ATK Lake City Small Caliber Ammunition Links Supply Status and Risk Mitigation Plan [ATK221063-1068] |
| TM | May Offer | | | 2001/03/02  Email and attachment to R. Crawford from B. Webb re: Links Supply Crawford.ppt [ATK221062-1068] |
| TN | May Offer | | | 2001/03/07  Handwritten notes re: Plan per Bill [ATK110001-0002] |
| TO | Will Offer | | | 2001/04/02  NMT Outstanding Payment/Collection Issues [ATK110079] |
| TP | May Offer | | | 2001/04/23  Memo to Comtel Holdings, Inc.'s Board of Directors from L. Jensen re: Project SDE |
| TQ | May Offer | | | 2001/04/26  Email to M. Hafner and D. Decker from L. Jensen re: outlining the conditions approved to consummate a closing [NMT003951-3952] |
| TR | May Offer | | | 2001/05/06  Valentec M-13 Links Testing Results [ATK202237-2246] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|-----|-----|-----|-----|
| TS | May Offer | | | 2001/06/01  NMT 2001 8K Report [NMT005669-5677] |
| TT | May Offer | | | 2001/07/03  Alliant Lake City Small Caliber Ammunition Co. Links Status - Draft [ATK220945-0948] |
| TU | May Offer | | | 2001/07/03  Series of emails, attachments and charts discussing government-owned equipment at NMT [ATK220789-0803] |
| TV | May Offer | | | 2001/07/19  Links Status Report [ATK200908-0909] |
| TW | May Offer | | | 2001/08/28  Letter to M. Johnson from P. Moore re:  Equipment Transfer to General Dynamics [NMT001142-1143] |
| TX | May Offer | | | 2001/11/29  Industrial Committee of Ammunition Producers (ICAP) Minutes of the 72nd Meeting |
| TY | Will Offer | | | 2001/12/18  United States of America v. Patrick Moore, Case No. 01 CR 3376 (BTN) [ATK250001-0002] |
| TZ | Will Offer | | | 2001/12/18  United States of America v. Patrick Moore, Case No. 01 CR 3376 (BTN), Consent to Rule 11, Plea in a Felony Case [ATK250003-0004] |
| UA | Will Offer | | | 2001/12/18  United States of America v. Patrick Moore, Case No. 01 CR 3376 (BTN), Order and Conditions of Pretrial Release: Bail [ATK250008] |
| UB | Will Offer | | | 2001/12/18  United States of America v. William Grivas, Case No. 01CR3374-BTM Consent to Rule 11 Plea in a Felony Case [ATK250039-0074] |
| UC | Will Offer | | | 2002/02/19  Letter to E. Khoury from D. Manor re:  NMT [ATK100102-0109] |

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------------------------|-------------|---------------|-------------|
| UD | May Offer | | | 2002/03/07  Email to K. Burton from D. Crites re:  SIPR [ATK100469] |
| UE | Will Offer | | | 2002/03/08  United States of America v. Patrick Moore, Case No. 01 CR 3376 (BTN), Sentencing Memo [ATK250011-0034] |
| UF | Will Offer | | | 2002/03/28  Email and attachment to M. Dooley, M. Miano, and D. Lashbaugh from D. Crites re:  NMT [ATK100522-0523] |
| UG | May Offer | | | 2002/05/03  Amendment of Solicitation of Contract [ATK290331-0363] |
| UH | May Offer | | | 2002/05/24  Letter to D. Manor from M. Walker re: summary of subject invoices [NMT004940-946] |
| UI | May Offer | | | 2002/05/28  ATK Lake City Small Caliber Ammunition Company, LLC AFY03-05 Financial Plan Backup [ATK250332-0338] |
| UJ | May Offer | | | 2002/06/17  Letter to M. Walker from C. Brattebo re: certain NMT invoices to various Alliant affiliates [NMT004947-5008] |
| UK | May Offer | | | 2002/08/16  Letter to K.R. Gravatt from G. Goff re: M28 25mm Link Quotation [ATK122371] |
| UL | May Offer | | | 2002/09/12  Letter to L. Murphy from G. Goff re:  Your Request for Quote MPA02-047 Our Quotation 468-02-06C [ATK122366-2367] |
| UM | May Offer | | | 2003/01/24  Email to M. Dooley from J. Taylor re:  M28 Link Purchase Order D10257 3 [ATK211674] |
| UN | May Offer | | | 2003/02/07  Email and attachment to S. Neubauer from C. Nelson re: Unit Cost by Program & Rounds.xls [ATK162489-2507] |

LAI-2155922v2

70

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| UO | May Offer | | | 2003/03/25 Declaration of Jason C. Murray in Support of Defendants' Motion for Summary Judgment |
| UP | May Offer | | | 2003/10/06 Declaration Of Jeffrey A. LeVee In Support Of Defendants' Motion For Partial Summary Judgment and accompanying exhibits |
| UQ | May Offer | | | 2003/10/06 Declaration Of Kent Holiday In Support Of Defendants' Motion For Partial Summary Judgment and accompanying exhibits |
| UR | May Offer | | | 2003/11/03 Bills for Tollison [NMT027409-7416] |
| US | May Offer | | | 2003/11/03 Declaration Of Dennis Stewart In Support Of National Metal Technologies, Inc., and National Manufacturing Technologies, Inc.'s Opposition To Motion For Partial Summary Judgment and accompanying exhibits |
| UT | Will Offer | | | 2003/11/03 Declaration Of Dr. Robert D. Tollison and accompanying exhibits |
| UU | May Offer | | | 2003/11/03 Declaration Of Jeff Tardiff In Support Of National Metal Technologies, Inc., and National Manufacturing Technologies, Inc.'s Opposition To Motion For Partial Summary Judgment and accompanying exhibits |
| UV | May Offer | | | 2003/11/03 Declaration Of Patrick Moore In Support Of National Metal Technologies, Inc., and National Manufacturing Technologies, Inc.'s Opposition To Motion For Partial Summary Judgment and accompanying exhibits |
| UW | May Offer | | | 2003/11/03 Declaration Of Patrick Moore In Opposition To Defendants' Motion For Summary Judgment Or, In The Alternative, For Summary Ajudication and accompanying exhibits |

LAI-2155922v1

71

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|-----|------------------------|-------------|---------------|-------------|
| UX | May Offer | | | 2003/11/03 Declaration Of Tammy Snyder In Support Of National Metal Technologies, Inc., and National Manufacturing Technologies, Inc.'s Opposition To Motion For Partial Summary Judgment and accompanying exhibits |
| UY | May Offer | | | 2003/11/10 Supplemental Declaration Of Jeffrey A. LeVee In Support Of Defendants' Motion For Partial Summary Judgment and accompanying exhibits |
| UZ | | | | 2004/01/23 Preliminary Expert Report of Dr. James T. McClave |
| VA | May Offer | | | 2004/02/09 Expert Report of Dr. Gary J. Dorman and Expert Report of Robert Wunderlich: Analysis of Economic Damages |
| VB | May Offer | | | 2004/03/08 Supplemental Expert Report of Dr. Robert D. Tollison |
| VC | May Offer | | | 2004/03/08 Rebuttal Expert Report of Dr. James T. McClave |
| VD | May Offer | | | 2004/03/08 Supplemental Expert Report of Robert Wunderlich: Analysis of Economic Damages |
| VE | May Offer | | | 2004/03/12 Patrick Moore's Comments on ATK's Expert's Damage Report [NMT027425-7433] |
| VF | Will Offer | | | 2004/03/15 Various Cash Flow analyses [ATK200871-0872; ATK200919-1920; ATK221243-1244; ATK221229-1230] |
| VG | May Offer | | | 2004/03/25 Supplemental Declaration of Kent Holiday in Support of Defendants' Motion for Summary Judgment |
| VH | Will Offer | | | 2004/05/18 U.S. Army Industry Day Small Caliber Ammunition Commercial System Integrator [ATK290003-0017] |

| NO. | MAY OFFER/ WILL OFFER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|---|
| VI | Will Offer | | | 2004/05/25 General Dynamics Corporation News Release - General Dynamics To Lead Small-Caliber Ammunition Consortium [ATK290018-0019] |

## V.    WITNESSES ATK EXPECTS TO CALL AT TRIAL

| NAME OF PERCIPIENT WITNESS | ADDRESS (IF KNOWN) | STATUS |
|---|---|---|
| 1. Lonnie Alperson | Rolled Steel Products Corporation 2187 S. Garfield Los Angeles, CA 90040 | By deposition |
| 2. James R. Biddlecome | Contact through counsel: Tracy L. Nation Hayes Simpson Greene LLP 600 W Broadway #400 San Diego, CA. 92101 | May call, may present by deposition |
| 3. Lieutenant Colonel Matt Butler | U.S. Army Research, Development and Engineering Center ("ARDEC") Picatinny NJ 01806-5000 | Will call |
| 4. Ed Carpenter | Employee of NMT can be reached through NMT's counsel. | May call |
| 5. Angelo Catani | ACP Associates 3635 Country Club Road Winterhaven, FL 33881 | May call |
| 6. John Corey | Safety Components International, Inc. 41 Stevens Street, Greenville, SC 29605 | May call |
| 7. Bob Crawford | Department of the Army Army Field Support Command and Joint Munitions Command (formerly OSC) 1 Rock Island Arsenal Rock Island, IL 61299 | May call |
| 8. Karen Davies | May be contacted through counsel for ATK. | May call |
| 9. Mark De Young | May be contacted through counsel for ATK. | Will call |
| 10. Dale Dimitroff | May be contacted through counsel for ATK. | May call |
| 11. Marvetta Dooley | May be contacted through counsel for ATK. | Will call |
| 12. Steve Farley | May be contacted through counsel for ATK. | May call, may present by deposition |
| 13. John Finkbiner | May be contacted through counsel for ATK. | May call |
| 14. Ken Gravatt | General Dynamics Ordnance & Technical Systems | May call |

| NAME OF PERCIPIENT WITNESS | ADDRESS (IF KNOWN) | STATUS |
|---|---|---|
| | 10101 9th St. North St. Petersberg, FL 33716 | |
| 15. Bill Grivas | Officer of NMT can be reached through NMT's counsel. | May call |
| 16. Greg Hawks | May be contacted through counsel for ATK. | May call |
| 17. Edward Hetzel | General Dynamics Ordnance & Technical Systems 10101 9th St. North St. Petersberg, FL 33716 | May call |
| 18. Kent Holiday | May be contacted through counsel for ATK. | Will call |
| 19. Rob Hoops | May be contacted through counsel for ATK. | Will call |
| 20. Patricia Huber | Department of the Army Army Field Support Command and Joint Munitions Command (formerly OSC) 1 Rock Island Arsenal Rock Island, IL 61299 | Will call |
| 21. Lyle Jensen | Contact through counsel: Todd Curry Sullivan, Hill, Lewin, Rez 550 W. C Street, #1500 San Diego, CA 92101 | By deposition |
| 22. Jim Krawcyk | May be contacted through counsel for ATK. | By deposition |
| 23. Michael Lodge | May be contacted through counsel for ATK. | Will call |
| 24. Mike McCarthy | Employee of NMT can be reached through NMT's counsel. | May call |
| 25. General Wade McManus | Department of the Army Army Field Support Command and Joint Munitions Command (formerly OSC) 1 Rock Island Arsenal Rock Island, IL 61299 | May call |
| 26. William P. Melton | Department of the Army Lake City Army Ammunition Plant Highways 7 & 78 Independence, MO 64051 | Will call |
| 27. Patrick Moore | Officer of NMT can be reached through NMT's counsel. | May call |
| 28. Jim Munson | Department of the Army Army Field Support Command and Joint Munitions Command (formerly OSC) 1 Rock Island Arsenal Rock Island, IL 61299 | Will call |
| 29. Tom Nelis | 7140 Bandini Blvd. Los Angeles, CA. 90040 | By deposition |
| 30. Steve Neubauer | May be contacted through counsel for ATK. | May call |
| 31. Bill Noon | May be contacted through counsel for ATK. | Will call |

LAI-2155922v2

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| NAME OF PERCIPIENT WITNESS | ADDRESS (IF KNOWN) | STATUS |
|---|---|---|
| 32. Alan Parish | May be contacted through counsel for ATK. | May call |
| 33. Jim Price | General Dynamics Ordnance & Technical Systems 10101 9th St. North St. Petersberg, FL 33716 | May call |
| 34. Bill Sanville | U.S. Army Research, Development and Engineering Center ("ARDEC") Picatinny NJ 01806-5000 | May call |
| 35. Brad Sitz | United States Army (address presently unknown) | May call |
| 36. Susan Smith | May be contacted through counsel for ATK. | May call |
| 37. Larry Smith | May be contacted through counsel for ATK. | May call |
| 38. Tammy Snyder | International Ordnance Technologies, Inc. Jamestown, NY (can be reached through NMT's counsel) | May call |
| 39. Dennis Stephens | May be contacted through counsel for ATK. | May call |
| 40. Jeff Tardiff | Employee of NMT can be reached through NMT's counsel. | May call |
| 41. Nick Vlahakis | May be contacted through counsel for ATK. | May call, may present by deposition |
| 42. Kenneth K. Whiteberg | Contact through counsel: Tracy L. Nation Hayes Simpson Greene LLP 600 W Broadway #400 San Diego, CA. 92101 | May call, may present by deposition |
| 43. Robert Wheeler | AK Stamping Company Inc. 1159 U.S. Route 22 East Mountainside, NJ 07092-0213 | May call |
| 44. Michael Wilson | General Dynamics Ordnance and Technical Systems 10101 9th Street North, St. Petersburg, FL 33716 | Will call |
| 45. John Wilson | Employee of NMT can be reached through NMT's counsel. | May call |

| NAME AND ADDRESS OF EXPERT WITNESS | SUBJECT MATTER OF EXPERT TESTIMONY |
|---|---|
| 1.  Gary J. Dorman, Ph.D. National Economics Research Associates, Inc. 777 S. Figueroa Street Los Angeles, CA 90017 | Dr. Dorman, ATK's economic expert, is a Senior Vice President of National Economic Research Associates (NERA) where he specializes in aerospace and defense economics. Dr. Dorman earned a B.A. with high distinction and high honors in Economics from the University of Michigan in 1972 and a Ph.D. in Economics from the University of California at Berkley in 1976. Prior to joining NERA in 1980, Dr. Dorman was an Associate |

| NAME AND ADDRESS OF EXPERT WITNESS | SUBJECT MATTER OF EXPERT TESTIMONY |
|---|---|
| | Professor of Economics at the University of Maryland. Dr. Dorman has been qualified to testify and has testified as an expert witness on antitrust issues in various proceedings before the various courts and tribunals. Dr. Dorman is expected testimony will include, but is not limited to: |

1. the proper definition of the relevant antitrust product and geographic market(s);
2. whether ATK has market or monopoly power in any properly-defined relevant market(s);
3. whether ATK's conduct constituted the willful acquisition or maintenance of monopoly power;
4. whether the challenged conduct of ATK has had an adverse effect on competition;
5. whether competition in any properly-defined antitrust market was impaired as a result of ATK's conduct;
6. whether NMT suffered any competitive injury as a consequence of the challenged conduct; and
7. rebuttal of any and all economic theories put forth by NMT's economic experts.

2. Robert Wunderlich, Ph.D.
   Discovery Economics
   333 S. Grand Ave.
   Los Angles, CA 90017

Dr. Wunderlich, ATK's damage expert, is the principal owner of Discovery Economics. Dr. Wunderlich earned a B.A. in Chemistry from the Columbia University in 1975, a M.A. in Physics from Harvard University in 1978, a Ph.D. in Chemical Physics from Harvard University in 1981, and a M.B.A. with an emphasis in Finance from the University of California at Los Angeles in 1990. During his M.B.A. studies, Dr. Wunderlich was awarded a Carter Fellow, the U.C.L.A. School of Management's highest academic honor, and a Venture Capital Fellow. Dr. Wunderlich specializes in economic, financial, and accounting analysis, often for matters in litigation or dispute. Prior to founding Discovery Economics in 1999, Dr. Wunderlich established Law and Economics Consulting Group as well as worked at Deloitte and Touche as the Senior Manager of the Dispute Consulting Group and served as the Vice President of Intra West Consultants. Dr. Wunderlich has been qualified to testify and has testified as an expert witness in various proceedings before the various courts. Dr. Wunderlich is expected testimony will include, but is not limited to:

1. whether NMT suffered any economic harm caused by the alleged wrongful actions of ATK;
2. whether ATK received any economic benefit resulting from the alleged wrongful actions of ATK;
3. the estimation and/or quantification of any

LAI-2155922v2

76

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

| **NAME AND ADDRESS OF EXPERT WITNESS** | **SUBJECT MATTER OF EXPERT TESTIMONY** |
|---|---|

claimed economic damages allegedly incurred by the plaintiffs;

4. the estimation and/or quantification of any claimed economic benefit allegedly received by ATK; and

5. rebuttal of any and all damages theories put forth by NMT's damages experts.

Dated: October 7, 2004

Respectfully submitted,

JONES DAY

By: _____
         Jeffrey A. LeVee

Attorneys for Defendants
ALLIANT TECHSYSTEMS, INC., ALLIANT AMMUNITION POWDER COMPANY, LLC, ALLIANT AMMUNITION SYSTEMS, LLC, ALLIANT LAKE CITY SMALL CALIBER AMMUNITION COMPANY, LLC, AND ALLIANT DEFENSE, LLC

LAI-2155922v2

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No. 02 CV 00473 JAH (BLM)

1    <u>**PROOF OF SERVICE BY OVERNIGHT DELIVERY**</u>

2    I am a citizen of the United States and employed in Los Angeles County, California. I am

3    over the age of eighteen years and not a party to the within-entitled action. My business address

4    is 555 West Fifth Street, Suite 4600, Los Angeles, California 90013-1025. On October 7, 2004, I

5    deposited with Federal Express, a true and correct copy of the within document:

6    **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF
7    FACT AND LAW**

8    in a sealed envelope, addressed as follows:

9         Dennis Stewart, Esq.
          HULETT HARPER STEWART LLP
10        550 West C Street, Suite 1600
          San Diego, CA 92101
11        Phone: (619) 338-1133
12        Fax: (619) 338-1139

13        Donald G. Rez, Esq.
          SULLIVAN, HILL, LEWIN, REZ & ENGEL
14        550 West C Street, Suite 1500
          San Diego, CA 92101-3540
15        Phone: (619) 233-4100
16        Fax: (619) 231-4372

17        Daniel E. Gustafson, Esq.
          GUSTAFSON, GLUEK PLLC
18        725 Northstar East
          608 Second Avenue South
19        Minneapolis, MN 55402
20        Phone: (612) 333-8844
          Fax: (612) 339-6622
21
          Joseph Goldberg, Esq.
22        FREEDMAN, BOYD, DANIELS,
          HOLLANDER, GOLDBERG & CLINE, P.A.
23        20 First Plaza, Suite 700
          Albuquerque, NM 87102
24        Phone: (505) 842-9960
25        Fax: (505) 842-1925

26    Following ordinary business practices, the envelope was sealed and placed for collection

27    by Federal Express on this date, and would, in the ordinary course of business, be retrieved by

28    Federal Express for overnight delivery on this date.

LAI-2156924v1                                      PROOF OF SERVICE

1

1    I declare under penalty of perjury under the laws of the State of California that the above

2   is true and correct.

3        Executed on October 7, 2004, at Los Angeles, California.

4

5                                                Lynne Trotti

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-2156924v1

2                                          PROOF OF SERVICE