








```
JPP    2/8/05    9:38
3:02-CV-00473   NATIONAL METAL V. ALLIANT TECHSYSTEMS
*158*
*PTO.*
```

HULETT HARPER STEWART LLP
DENNIS STEWART; SBN: 99152
BLAKE M. HARPER; SBN 115756
STEPHANIE L. DIERINGER; SBN 221394
BRIDGET FOGARTY GRAMME, SBN: 231953
550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

SULLIVAN, HILL, LEWIN, REZ & ENGEL
DONALD G. REZ; SBN 082615
550 West C Street, Suite 1500
San Diego, CA 92101-3540
Telephone: (619) 233-4100
Facsimile: (619) 231-4372

Attorneys for Plaintiffs

[Additional counsel on signature page]

05 FEB -7 PM 3: 09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL METAL TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANT TECHSYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 02 CV 00473 JAH (BLM)<br><br>[PROPOSED] PRETRIAL ORDER<br><br>DATE: December 9, 2004<br>TIME: 3:00 p.m.<br>JUDGE: Hon. John A. Houston |



158

Following pretrial proceedings pursuant to Federal Rules of Civil Procedure, Rule 16 and Civil Local Rule 16.1(f)(6):

IT IS ORDERED:

## I.

**Nature of Action**

This is an action brought by National Metal Technologies, Inc. for damages pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15) for Defendants' ("ATK") alleged violations of Section 2 of the Sherman Act (15 U.S.C. § 2), and Section 7 of the Clayton Act (15 U.S.C. § 18), as well as damages resulting from Defendants' alleged breach of contract. Additionally, National Manufacturing Technologies, Inc. brings an action for intentional interference with prospective economic advantage. Defendants deny any liability on all causes of action and ATK claims as a set-off against any liability for damages amounts which ATK suffered by reason of NMT's alleged breaches of contract.

**Parties**

Plaintiff National Metal Technologies, Inc. ("NMT") is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Oceanside, California.

Plaintiff National Manufacturing Technologies, Inc., ("NMTI") is a corporation organized and existing under the laws of the state of California, with its principal place of business located in Oceanside, California. NMTI is the parent of NMT.

Defendant Alliant Techsystems, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Edina, Minnesota.

Defendant Alliant Ammunition and Powder Company LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Radford, Virginia.

Defendant Alliant Ammunition Systems Company, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Radford, Virginia.

1

Defendant Alliant Lake City Small Caliber Ammunition Company, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Independence, Missouri.

Defendant ATK Ammunition and Related Products, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Anoka, Minnesota.

All Defendants are referred to in this order as "ATK."

**Pleadings**

The issues of this action are raised in the Plaintiffs' First Amended Complaint, dated August 22, 2002, and Defendants' Answer dated September 19, 2002.

II.

Federal jurisdiction and venue are invoked upon the ground of federal question pursuant to 28 U.S.C. § 1331. Venue is based on 28 U.S.C. § 1391. There is no dispute concerning either jurisdiction or venue.

III.

The following facts are admitted and require no proof:

1. NMT entered the links business in December 1998 when it acquired the links manufacturing assets of Greene International West.

2. In 1999, after reviewing open, competitive bids, the Army awarded ATK a ten-year contract to manufacture all of its small caliber linked ammunition.

3. The links necessary to produce small caliber linked ammunition under this contract are the M-9, the M-13, and the M-27.

4. As an adjunct to this contract, the Army awarded ATK a facilities use contract to operate the Army's only small caliber linked ammunition plant, Lake City Army Ammunition Plant, located in Independence Missouri.

5. Also in 1999, ATK received a five year contract to supply 45% of the military's needs for medium caliber linked ammunition.

6. ATK's competitor, General Dynamics Ordnance and Tactical Systems ("GDOTS"),

formerly known as Primex Technologies, was awarded the other 55% of the medium caliber linked ammunition contract for the military.

7. The link necessary to produce the medium caliber linked ammunition, which is the subject of the Army prime contract, is the M28 link.

8. The contracts at issue in this case contained detailed technical specifications, quality standards and testing requirements and specifications that, to the extent applicable, were required to be met.

9. These specifications are often referred to as military specifications or "mil specs" for short.

10. The purchase orders issued by ATK to NMT for the purchase of small and medium caliber links contain specifications and purchase descriptions for the links which refer to mil specs applicable to this case and related drawings that in turn also refer to mil specs applicable to this case.

11. Prior to 1998 there were three U.S. competitors of note in the linked ammunition industry, ATK, GDOTS, and Olin Winchester ("Olin") from whom the United States government, primarily through the Army, procured linked ammunition for use by the military branches and law enforcement agencies.

12. To manufacture linked ammunition, linked ammunition manufacturers procured ammunition links, metal clips which hold together rounds of small and medium caliber ammunition, directly from links manufacturers. In prior years, the U.S. Army purchased links directly from links manufacturers and supplied them as Government Furnished Material or GFM to the ammunition manufacturers.

13. In 1998, ammunition links were manufactured mainly by two companies, Valentec Wells ("Valentec") and Greene International West ("GIW").

14. In September 1998, the Army sought bids for multi-year small-caliber and a multi-year medium-caliber linked ammunition contracts. The small-caliber linked ammunition contract was for ten years and the multi-year medium-caliber linked ammunition contract was for five years. The primary U.S. bidders for the multi-year contracts were ATK, Olin, and GDOTS.

15. Olin, which then held the small-caliber linked ammunition contract, contracted with

1  NMT to produce the M-9 link, one of the links used in the manufacture of one of the calibers of
2  linked ammunition procured by the Army.

3      16.    The award of the small caliber contracts to ATK were challenged unsuccessfully by
4  the incumbent prime contractor, Olin. Olin's protest to the General Accounting Office was decided in
5  ATK's favor on November 15, 1999 and in a subsequent lawsuit, a Court ruled against Olin's request
6  to enjoin award of the contract to ATK in February of 2000.

7      17.    The interstate commerce element of the antitrust claims.

## IV.

9  The reservations as to the facts recited in paragraph III above are as follows: None

## V.

11  The following facts, though not admitted, are not to be contested at the trial by evidence to the
12  contrary: None.

## VI.

14  The following issues of fact, and no others, remain to be litigated upon the trial:

15      1.    The relevant product market(s).
16      2.    The relevant geographic market(s).
17      3.    Whether NMT suffered injury of the type that the antitrust laws were intended to
18  prevent.
19      4.    Whether NMT's injuries flow from conduct which renders the Defendants' acts
20  unlawful under the antitrust laws.
21      5.    Whether ATK's conduct was the legal cause of the injuries alleged by NMT.
22      6.    Whether ATK possessed monopoly power in a relevant market.
23      7.    Whether ATK willfully acquired or maintained a monopoly.
24      8.    Whether ATK had specific intent to control prices or destroy competition.
25      9.    Whether ATK engaged in predatory or anticompetitive conduct to accomplish
26  monopolization.
27      10.    Whether there is a dangerous probability of ATK's success in achieving
28  monopolization.

11. Whether ATK entered into a merger/acquisition which brought about a substantial lessening of competition.

12. Whether NMT was damaged as the result of the merger/acquisition.

13. Whether Valentec was in imminent danger of failure at the time ATK acquired it.

14. Whether Valentec had no realistic prospect for successful reorganization.

15. Whether there was an available, less anticompetitive option to ATK's acquisition of Valentec.

16. The terms of the contract(s) entered into between NMT and ATK.

17. Whether the contract(s) were breached and/or repudiated.

18. To the extent any of the contracts were breached or repudiated, when each contract was breached or repudiated, how, and by whom.

19. The amount of damages suffered by NMT as a result of ATK's alleged breaches of contract.

    a. The amount of damages suffered by ATK as a result of NMT's alleged breach of contract.

20. Whether NMTI had a prospective economic relationship with Comtel.

21. Whether ATK knew of a prospective economic relationship between NMTI and Comtel.

22. Whether ATK intended to interfere with that prospective economic relationship; that is whether ATK knew that the interference was certain or substantially certain to occur as a result of its conduct.

23. Whether the prospective economic relationship was disrupted.

24. Whether the conduct alleged to have disrupted the prospective economic relationship was independently wrongful.

25. Whether NMTI was damaged as a proximate result.

26. Whether ATK's actions are insulated by an asserted "Competition Privilege."

27. Whether, if found liable on any claim, ATK is entitled to any set-off(s) and if so, the amount of any such set-off(s).

5

28. Whether NMT's failure was the result of its own conduct, and/or inexperience, and/or mismanagement, and/or lack of capitalization.

## VII.

The exhibits to be offered at the trial, together with a statement of all admissions by and all issues between the parties with respect thereto, are as follows:

The parties have filed and exchanged preliminary exhibit lists, and agree to reserve the final list of exhibits to be offered at trial, the statement of admissions and issues between the parties, until 21 days prior to trial by which time the parties will have exchanged such documents and amended the Pretrial Order accordingly.

## VIII.

A list of witnesses to be called by plaintiff and defendant: The parties have filed and exchanged preliminary witness lists, and agree to reserve the final list of witnesses until 21 days prior to trial by which time the parties will have exchanged such witness lists and amended the Pretrial Order accordingly.

## IX.

The following issues of law, and no others, remain to be litigated upon the trial:

1. The Plaintiffs object to all witnesses and documents not produced during discovery.

2. The Plaintiffs object to all expert opinions and bases for expert opinions not disclosed in Rule 26 reports.

3. The Plaintiffs object to any claims of offset which are in addition to or different from those identified in the Rule 30(b)(6) testimony of the Defendant witnesses who were designated to, and did, testify as to the amount and source of all claims of offset.

4. Plaintiffs contend that ATK waived any claimed offsets.

5. Evidentiary issues to be raised in motions in limine and/or at the trial.

6. Defendants contend that the Plaintiffs' proof will be insufficient as a matter of law to support any of their claims.

## X.

The foregoing admissions having been made by the parties, and the parties having specified

1  the foregoing issues of fact and law remaining to be litigated, this order shall supplement the
2  pleadings and govern the course of the trial of this case, unless modified to prevent manifest injustice.

## XI.

This case shall be tried by jury.

## XII.

The trial of this case shall not be bifurcated.

## XIII.

Time estimated for trial is 15 trial days (Plaintiffs); 21 trial days (Defendants).

DATED: December 9, 2004

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

DATED: December 2, 2004

HULETT HARPER STEWART LLP
DENNIS STEWART
BLAKE M. HARPER
STEPHANIE L. DIERINGER
BRIDGET FOGARTY GRAMME

_____
DENNIS STEWART

550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

SULLIVAN HILL LEWIN REZ & ENGEL
DONALD G. REZ
550 West C Street, Suite 1500
San Diego, CA 92101-3540
Telephone: (619) 233-4100
Facsimile: (619) 231-4372

```
                                    GUSTAFSON GLUEK PLLC
                                    DANIEL E. GUSTAFSON
                                    600 Northstar East
                                    608 Second Avenue South
                                    Minneapolis, MN  55402
                                    Telephone:  (612) 333-8844
                                    Facsimile:  (612) 339-6622


                                    FREEDMAN BOYD DANIELS HOLLANDER
                                      GOLDBERG & CLINE PA
                                    JOSEPH GOLDBERG
                                    20 First Plaza, Suite 700
                                    Albuquerque, NM  87102
                                    Telephone:  (505) 842-9960
                                    Facsimile:  (505) 842-1925


                                    Attorneys for Plaintiffs


DATED:  December 2, 2004            HARE & CHAFFIN
                                    DAVID B. CHAFFIN
                                    THOMAS K. CHRISTO
                                    ELLEN S. VARS


                                    _____
                                    THOMAS K. CHRISTO

                                    160 Federal Street, 23rd Floor
                                    Boston, MA  02110
                                    Telephone:  (617) 330-5000
                                    Facsimile:  (617) 330-1996


                                    BIRD MARELLA BOXER WOLPERT NESSIM
                                      BROOKS & LINCENBERG
                                    PAUL S. CHAN
                                    1875 Century Park East, 23rd Floor
                                    Los Angeles, CA  90067
                                    Telephone:  (310) 201-2100
                                    Facsimile:  (310) 201-2110


                                    Attorneys for Defendants
```

8

02 CV 00473 JAH (BLM)

## PROOF OF SERVICE

*NATIONAL METAL TECHNOLOGIES, INC., vs. ALLIANT TECHSYSTEMS, INC., et al.*
CASE NO.: 02 CV 00473 JAH (BLM)

I, the undersigned, declare:

I am employed in the County of San Diego, State of California. My business address is: 550 West C Street, Suite 1600, San Diego, CA 92101. I am over the age of 18 years and I am not a party to this action.

That on December 2, 2004, I served the following document(s) entitled: **[PROPOSED] PRETRIAL ORDER** on ALL INTERESTED PARTIES in this action:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in San Diego, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to **Fed Ex** for delivery to the above address(es).

☒ **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown on the attached service list.

☐ **BY PERSONAL SERVICE:** I had such envelope delivered by hand where indicated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 2, 2004, at San Diego, California.

*/s/ Anita Villanueva*
ANITA VILLANUEVA

NMT
Case No.: 02 CV 00473 JAH (BLM)
Service List

**PLAINTIFFS' COUNSEL**

Joseph Goldberg
FREEDMAN, BOYD, DANIELS,
 HOLLANDER, GOLDBERG & CLINE, P.A.
20 First Plaza, Ste. 700
Albuquerque, NM 87102
Telephone: (505) 842-9960
Facsimile: (505) 842-1925
*Attorneys for Plaintiffs National Metal Technologies, Inc and National Manufacturing Technologies, Inc.*

Daniel E. Gustafson
GUSTAFSON GLUEK PLLC
725 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
*Attorneys for Plaintiffs National Metal Technologies, Inc and National Manufacturing Technologies, Inc.*

Dennis Stewart
Stephanie Dieringer
Bridget Fogarty Gramme
HULETT HARPER STEWART LLP
550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139
*Attorneys for Plaintiffs National Metal Technologies, Inc and National Manufacturing Technologies, Inc.*

Donald G. Rez
SULLIVAN, HILL, LEWIN, REZ & ENGEL
550 West C Street, Suite 1500
San Diego, CA 92101-3540
Telephone: (619) 233-4100
Facsimile: (619) 231-4372
*Attorneys for Plaintiffs National Metal Technologies, Inc and National Manufacturing Technologies, Inc.*

**DEFENSE COUNSEL**

Paul S. Chan
BIRD MARELLA BOXER WOLPERT
NESSIM DROOKS & LINCENBERG
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
*Attorneys for Defendants Alliant Techsystems, Inc., Alliant Ammunition Powder Company LLC, Alliant Ammunition Systems, LLC, Alliant Lake City Small Caliber Ammunition Company LLC, ATK Ammunition and Related Products LLC*

Thomas K. Christo
David B. Chaffin
Ellen Vars Christo
HARE & CHAFFIN
160 Federal Street, 23rd Floor
Boston, MA 02110
Telephone: (617) 330-5000
Facsimile: (617) 330-1996

11/12/04